# **EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| *IN RE: CAPTURERX DATA BREACH LITIGATION* | Master File No. 5:21-cv-00523-OLG |
| THIS DOCUMENT RELATES TO: **ALL ACTIONS** | |

## CLASS SETTLEMENT AGREEMENT AND RELEASE

This Class Settlement Agreement and Release ("Class Settlement Agreement") is made and entered into by and among the following Settling Parties (as defined below): (i) Plaintiffs Daisy Trujillo, Mark Vereen, Michelle Rodgers, Echoe Camacho, on behalf of herself and her minor child, T.C., and Angelica Mendoza ("Representative Plaintiffs"), individually and on behalf of the Settlement Class (as defined below), by and through their counsel M. Anderson Berry of Clayeo C. Arnold and Gary M. Klinger of Mason Lietz & Klinger LLP ("Interim Class Counsel"); and (ii) NEC Networks, LLC d/b/a CaptureRx ("Defendant" or "CaptureRx"), by and through their counsel, Levi G. McCathern of McCathern Shokouhi Evans & Grinke PLLC, and Kevin M. O'Hagan of O'Hagan Meyer LLC. The Class Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

This litigation arose from a cyberattack on the computer systems that process pharmacy transactions for CaptureRx's customers (the "Data Incident").

Plaintiffs, individually and on behalf of a putative class, filed an action against Defendant in the United States District Court for the Western District of Texas, San Antonio Division

- 1 -

captioned, *In re: CaptureRx Data Breach Litigation*, Case No. 5:21-cv-00523-OLG, alleging claims arising from the Data Incident.

On November 3, 2021, the Parties engaged in an all-day, arms-length mediation before the Hon. Wayne R. Andersen, a former United States District Judge, now retired, which ultimately resulted in a settlement in principle with Judge Andersen's able assistance.

Pursuant to the terms agreed to and set out below, this Class Settlement Agreement resolves all actions, proceedings, and claims against Defendant and the Released Parties that are asserted in, arise from, or relate to Plaintiffs' Consolidated Class Action Complaint ("CAC"), as well as all other actions by and on behalf of individuals or putative classes of patients arising from the matters referenced in that CAC.

## I.   CLAIMS OF REPRESENTATIVE PLAINTIFFS AND BENEFITS OF THE CLASS SETTLEMENT

Representative Plaintiffs believe the claims asserted in the Litigation, as set forth in the CAC, have merit.   Representative Plaintiffs and Interim Class Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Defendant and the Released Parties through motion practice, trial, and potential appeals. They have also considered the uncertain outcome and risk of further litigation, particularly in an area which remains in a state of development, and thus a level of uncertainty, as well as the difficulties and delays inherent in such litigation.   Interim Class Counsel are highly experienced in class action litigation, particularly in privacy litigation, and knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Litigation. In addition, CaptureRx contends Plaintiffs will face difficulties in certifying a class, proving liability and causation (particularly with respect to CaptureRx's customers, who merely utilized CaptureRx's services), and establishing compensable damages on a classwide basis. While

Interim Class Counsel believe Plaintiffs would prevail on class certification and liability issues as to both CaptureRx and its customers, they nevertheless acknowledge the risks involved in litigation and believe Settlement is in the best interests of the class. They have determined that the settlement set forth in this Class Settlement Agreement is fair, reasonable, and adequate, and in the best interests of Plaintiffs and the Settlement Class.  This is particularly true where, as here, Defendant CaptureRx has extremely limited resources and faces insolvency if this litigation moves forward, has limited insurance coverage (all of which is being used to fund a portion of the Settlement), and is contractually obligated to indemnify its customers (e.g., Walmart and others) against claims arising from the Data incident.[1]  The remaining monies used to fund the Settlement are being borne personally by the owners of CaptureRx.  As such, the Settling Parties believe this Settlement is in the best interests of the Class.

## II.      DENIAL OF WRONGDOING AND LIABILITY

CaptureRx denies each and all of the claims and contentions alleged against it in the Litigation and believes its defenses have merit.  CaptureRx denies all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation.  Nonetheless, CaptureRx has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Class Settlement Agreement.  CaptureRx also has considered the uncertainty and risks inherent in any litigation.  CaptureRx has, therefore, determined it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Class Settlement Agreement.

---

[1] CaptureRx will submit a declaration detailing its current financial condition and the financial challenges it faces should this litigation proceed.

III.    **TERMS OF THE SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Representative Plaintiffs, individually and on behalf of the Settlement Class, and Defendant that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties, the Settlement Class, and the Settlement Class Members, except those Settlement Class Members who timely opt-out of the Class Settlement Agreement, upon and subject to the terms and conditions of this Class Settlement Agreement, as follows:

1.    <u>DEFINITIONS</u>

As used in this Class Settlement Agreement, the following terms have the meanings specified below:

1.1    "Administrative Costs" means all costs and expenses associated with providing notice of the Class Settlement Agreement to the Settlement Class, Claims Administration, and otherwise administering and carrying out the terms of this Class Settlement Agreement.

1.2    "Agreement" or "Class Settlement Agreement" means this Class Settlement Agreement and Release.

1.3    "Approved Claims" means valid Settlement Claims approved by the Claims Administrator or found to be valid, as set forth below.

1.4    "Attorneys' Fees and Expenses Award" means such funds as may be awarded by the Court to Settlement Class Counsel to compensate Representative Plaintiffs' Counsel fully and completely for their fees, costs, and expenses in connection with the Litigation.

1.5    "Award" means the amount remitted by the Claims Administrator out of the Settlement Fund to Settlement Class Members, as provided in Paragraphs 2 and 7 of this Class

Settlement Agreement.

**1.6** "California Settlement Subclass" means all natural persons residing in the State of California at the time of the Data Incident whose Personal Information (a) Defendant stored and/or shared in its electronic files and (b) was exposed to an unauthorized party as a result of the data breach announced between March 30 and April 7, 2021 and that occurred on or about February 6, 2021. Excluded from the California Settlement Subclass is any judge presiding over this matter and any members of their first-degree relatives, judicial staff, the officers and directors of CaptureRx, California Settlement Subclass Counsel and their first-degree relatives, and persons who timely and validly request exclusion from the California Settlement Subclass.

**1.7** "CaptureRx" means Defendant NEC Networks, LLC d/b/a CaptureRx.

**1.8** "Claims Administration" means the processing of Settlement Claims received from Settlement Class Members and the processing of payment of Approved Claims by the Claims Administrator.

**1.9** "Claims Administrator" means Kroll Settlement Administration, a company experienced in administering class action claims generally and specifically those of the type provided for in this Litigation, as may be jointly agreed upon by the Settling Parties and approved by the Court.

**1.10** "Claims Deadline" means the deadline by which Settlement Class Members must submit any valid Settlement Claims.  The Claims Deadline shall be set by the Court in the Preliminary Approval Order.  The Settling Parties propose a Claims Deadline that is 90 days after the date that notice is provided to the Settlement Class.

**1.11** "Claim Form" means the claim form attached hereto as Exhibit A, or a claim form approved by the Court that is substantially similar to Exhibit A, that Settlement Class Members

must submit to be eligible for relief under the terms of the Class Settlement Agreement.

**1.12** "Claims Period" means the time for Settlement Class Members to submit Settlement Claims, running from the date of entry of the Preliminary Approval Order through the Claims Deadline, in no event less than 90 days.

**1.13** "Class Notice" means the notice of settlement that is contemplated by this Class Settlement Agreement, and which shall include the Long Notice and Summary Notice, substantially in the forms attached hereto as Exhibits B and C, respectively, as approved by the Court.

**1.14** "Data Incident" means the data incident that occurred on or about February 6, 2021 and that CaptureRx discovered and disclosed to potentially impacted Patients in 2021 as alleged in the various class action complaints filed by Plaintiffs, whereby unauthorized hackers gained access to files that contained certain information including Patients' first names, last names, dates of birth, and prescription information.

**1.15** "Escrow Account" means a non-interest bearing checking account established at a financial institution other than Defendants' into which monies are to be deposited as set forth by this Agreement.

**1.16** "Effective Date" means the date by which all of the events and conditions specified in Paragraphs 1.17 and 10 below for the Final Approval Order to become Final have occurred or have been met.  The Effective Date shall not be altered in the event the Court declines to approve, in whole or in part, the Attorneys' Fees and Expenses Award or the Service Award. Further, the Effective Date shall not be altered in the event that an appeal is filed with the sole issue(s) on appeal being the Attorneys' Fees and Expenses Award and/or the Service Award.

**1.17** "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Class Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fees award or Service Award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

**1.18** "Final Approval Hearing" means the final hearing to be conducted by the Court in connection with the determination of the fairness, adequacy and reasonableness of this Class Settlement Agreement and the proposed settlement of the Litigation.

**1.19** "Final Approval Order" means the Court's Final Approval Order, which, among other things, approves this Class Settlement Agreement and the settlement as fair, adequate, and reasonable, dismisses the Litigation with prejudice, and confirms the final certification of the Settlement Class.

**1.20** "Litigation" means *In re: CaptureRx Data Breach Litigation*, Case No. 5:21-cv-00523-OLG.

**1.21** "Objection Deadline" means 75 days after the date of entry of the Preliminary Approval Order or such other date set by the Court in the Preliminary Approval Order.

**1.22** "Opt-Out" means a Settlement Class Member (i) who timely submits a properly completed and executed Request for Exclusion; (ii) who does not rescind that Request for

Exclusion before the Opt-Out Deadline; and (iii) as to which there is not a successful challenge to the Request for Exclusion.

**1.23** "Opt-Out Deadline" means the date by which Settlement Class Members must mail or submit through the settlement website their Request for Exclusion in order for it to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes. The Opt-Out Deadline shall be 75 days after the date of entry of the Preliminary Approval Order or such other date set by the Court in the Preliminary Approval Order.

**1.24** "Patients" shall mean individuals who received pharmacy services from a pharmacy that used CaptureRx's services.

**1.25** "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, affiliates, attorneys, predecessors, successors, representatives, or assignees.

**1.26** "Personal Information" means information that may have been exposed, compromised, or accessed during the Data Incident, including first names, last names, dates of birth, and prescription information.

**1.27** "Preliminary Approval Order" means the Court's order granting, among other things, conditional certification of the Settlement Class, preliminary approval of this Class Settlement Agreement and the settlement, and approval of the form and method of Class Notice.

**1.28** "Released Claims" means any and all claims, causes of action of every kind and description, liabilities, rights, demands, suits, matters, obligations, and damages (including consequential damages, losses or costs, liquidated damages, statutory damages, punitive damages,

attorneys' fees and costs), whether known or unknown (including Unknown Claims) and whether in law or in equity, that the Settlement Class Members had, have, or may have against CaptureRx and/or the Released Parties that result from, arise out of, are based upon, or relate to the Data Incident.  For the avoidance of doubt, Released Claims include, without limitation, all claims asserted or that could have been asserted in *Bays v. Walmart Inc. et al.*, Case No. 3:21-CV-00460 (S.D. W.Va.), *D.W. v. NEC Networks, LLC d/b/a CaptureRx*, Case No. 4:21-cv-00363-SRB (W.D. Mo.), *Vereen v. NEC Networks, LLC d/b/a CaptureRx,* Case No. 5:21-cv-00536 (W.D. Tx.), *Trujillo v. NEC Networks, LLC d/b/a CaptureRx,* Case No. 5:21-cv-00523 (W.D. Tx.), *Camacho v. NEC Networks, LLC d/b/a CaptureRx,* Case No. 5:21-cv-00979 (W.D. Tx.), *Mendoza v. NEC Networks, LLC d/b/a CaptureRx,* Case No. 5:21-cv-01232 (W.D. Tx.), *Biddle v. NEC Networks, LLC d/b/a CaptureRx,* Case No. 2:21-cv-00815 (W.D. Pa.), *Tignor v. NEC Networks, LLC d/b/a CaptureRx,* Case No. 2:21-cv-00018 (N.D.W. Va.), *Newman v. NEC Networks, LLC d/b/a CaptureRx,* Case No. 2:21-cv-00019 (N.D. W.Va.), *Rodgers v. NEC Networks, LLC d/b/a CaptureRx,* Case No. 5:21-cv-00692 (W.D. Tx.), *Burch v. NEC Networks, LLC d/b/a CaptureRx,* Case No. SA-21-cv-01102 (W.D. Tx.), the CAC, the Litigation, or any other suit or pleading in any other court or forum arising out of, based upon, or related to the Data Security Incident, including without limitations, any claims (including common law and statutory claims), actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (1) the alleged theft, exposure, or disclosure of Settlement Class Members' Personal Information as a result of the Data Security Incident; (2) the maintenance and storage of Settlement Class Members' Personal Information as it relates to the Data Security Incident; (3) CaptureRx's information security policies and practices relating to the Data Security Incident; and/or (4) CaptureRx's notice of the Data Incident to Settlement Class Members.

"Released Claims" does not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the Class Settlement Agreement and shall not include any claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

    **1.29**   "Released Parties" means CaptureRx and any of its customers who Class Members have claims against it or potentially have claims against it related to the Data Incident which includes, but is not limited to the following persons or entities: Walmart Inc., Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, Midtown Health Center, Inc., Rite Aid Hdqtrs. Corp., its parent Rite Aid Corporation, Community Health Centers of the Central Coast, Inc., The University of Pittsburgh Medical Center, Camden-on-Gauley Medical Center, Inc., Davis Health System, Inc., Davis Memorial Hospital, and Broaddus Hospital and each of their past or present owners, parents, subsidiaries, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as CaptureRx and these entities' respective predecessors, successors, directors, officers, shareholders, employees, servants, representatives, principals, agents, advisors, consultants, vendors, partners, contractors, attorneys, insurers, reinsurers, subrogees, and includes, without limitation, any Person related to any such entities who is, was or could have been named as a defendant in the Litigation, other than any third-party Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

    **1.30**   "Representative Plaintiffs" mean Daisy Trujillo, Mark Vereen, Michelle Rodgers, Echoe Camacho, on behalf of herself and her minor child, T.C., and Angelica Mendoza

    **1.31**   "Request for Exclusion" means a fully completed and properly executed written

request that is timely delivered to the Claims Administrator by a Settlement Class Member under Paragraph 5 of this Class Settlement Agreement and is postmarked or submitted through the settlement website on or before the Opt-Out Deadline.  For a Request for Exclusion to be properly completed and executed, subject to approval by the Court, it must: (a) state the Settlement Class Member's full name, address, and telephone number; (b) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (c) state unequivocally the Settlement Class Member's intent to be excluded from the settlement. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion.

**1.32**    "Service Award" means such funds as may be awarded by the Court to the Representative Plaintiffs for their service as Representative Plaintiffs.

**1.33**    "Settlement Class" means all natural persons residing in the United States whose Personal Information was exposed, compromised, or accessed by an unauthorized party as a result of the Data Incident. Excluded from the Settlement Class is any judge presiding over this matter and any members of their first-degree relatives, judicial staff, the officers and directors of CaptureRx and its customers who were impacted by the Data Incident, Settlement Class Counsel and their first-degree relatives, and persons who timely and validly request exclusion from the Settlement Class.

**1.34**    "Settlement Class Counsel" means M. Anderson Berry of Clayeo C. Arnold, A Professional Law Corp.; and Gary Klinger of Mason Lietz & Klinger LLP.

**1.35**    "Settlement Class Member(s)" means a member(s) of the Settlement Class.

**1.36**   "Settlement Costs" means all costs of the settlement including the costs of carrying out the Notice Program, as set forth in Paragraph 4, Claims Administration, any Attorneys' Fees and Expenses Award, any Service Award to Representative Plaintiffs and all other expenses or costs related to the settlement including the costs of serving notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and Award payments to the Settlement Class Members.

**1.37**   "Settlement Fund" means $4,750,000.00, which shall be the only amount paid by CaptureRx and the sole and exclusive source of all Settlement Costs and Award payments to Settlement Class Members, Administrative Costs, Service Awards, and Attorneys' Fees and Expenses.

**1.38**   "Settling Parties" means, collectively, CaptureRx and Representative Plaintiffs, individually and on behalf of the Settlement Class.

**1.39**   "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including the Representative Plaintiffs, does not know or suspect to exist in his or her favor at the time of the release of the Released Parties that, if known by him or her, might have affected his or her settlement with, and release of, the Released Parties, or might have affected his or her decision to participate in this Class Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Representative Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Final Approval Order shall have, released any and all Released Claims, including Unknown Claims, and waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Settlement Class Members, including Representative Plaintiffs, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Final Approval Order shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims.

    **1.40**    All time periods described in terms of "days" shall be in calendar days unless otherwise expressly stated.

## 2.    SETTLEMENT CONSIDERATION

    **2.1**    In consideration for the release contained in this Class Settlement Agreement, and as a direct result of the Litigation, and without admitting liability for any of the alleged acts or omissions alleged in the Litigation, and in the interests of minimizing the costs inherent in any litigation, CaptureRx will perform all the following:

    **2.2**    CaptureRx will pay the Settlement Fund to the Claims Administrator as follows: (a) within seven (7) days following entry of the Preliminary Approval Order, CaptureRx will advance the amounts necessary to pay for the Notice Program and settlement administration which amount shall be determined and requested by the Claims Administrator, and which advances will be credited against the Settlement Fund; and (b) CaptureRx will pay the balance of the Settlement Fund into the Escrow Account by or before the Funding Date. (The "Funding Date" means the date, which is no later than ten (10) days after the Effective Date).  Additionally, within ninety

(90) days of the Effective Date, CaptureRx will implement the injunctive relief as described in Paragraph 2.7. Defendant shall also provide to Interim Class Counsel a declaration verifying that the injunctive relief has been implemented.

2.3    Each Settlement Class Member who files a valid claim will be eligible for one cash payment.

2.4     Every Settlement Class Member who attests that he or she was impacted by the Data Incident is eligible to receive Twenty-Five Dollars ($25.00), subject to a potential *pro rata* reduction as detailed below, regardless of whether he or she experienced any identity theft as a result of the Data Incident.

2.5    California Settlement Subclass Payment (due to California statutory claims): In addition to the cash payment referenced in paragraph 2.4 above, California Settlement Subclass Members will also be eligible for an additional benefit of Seventy-Five Dollars ($75.00) per California Settlement Subclass Member, subject to a potential *pro rata* reduction as detailed below. To redeem this additional benefit, California Settlement Subclass Members must submit a Settlement Claim and attest that they were a California resident at the time of the Data Incident(s) about which they were notified by Defendant.

2.6    *Pro Rata Increase/Reduction and Residual Funds*:  If the total dollar value of all Approved Claims at the payment amounts set forth in ¶¶ 2.4 and 2.5 is less than the amount remaining in the Settlement Fund after the Claims Deadline has passed and after the Attorneys' Fees and Expenses Award, the Service Award, and Claims Administration costs have been paid in full out of the Settlement Fund, the payment amounts for all Approved Claims shall be increased *pro rata* among all Settlement Class Members and California Settlement Subclass Members who submitted Approved Claims.  If the total dollar value of all Approved Claims at the payment

amounts set forth in ¶¶ 2.4 and 2.5 exceeds the amount remaining in the Settlement Fund after the Claims Deadline has passed and after the Attorneys' Fees and Expenses Award, the Service Award and Claims Administration costs have been paid in full out of the Settlement Fund, the payment amount for all Approved Claims shall be reduced *pro rata* among all Settlement Class Members and California Settlement Subclass Members who submitted Approved Claims.  Any remaining funds after distribution will be paid to a *cy pres* recipient to be agreed upon by the parties (and subject to court approval).

**2.7**      CaptureRx shall, within ninety (90) days of the Effective Date of this Agreement, if it has not already done so, further develop, implement, and maintain a comprehensive information security program that is reasonably designed to protect the security, integrity, and confidentiality of Personal Information that CaptureRx collects or obtains from Patients (collectively, the "ISP").  The CaptureRx ISP shall be written and shall contain administrative, technical, and physical safeguards appropriate to: (i) the size and complexity of CaptureRx's operations; (ii) the nature and scope of CaptureRx's activities; and (iii) the sensitivity of the Personal Information that CaptureRx maintains. CaptureRx may satisfy the requirement to implement and maintain the ISP through: (1) review, maintenance, and, as necessary, updating of an existing information security program or existing safeguards to ensure that the ISP is operating in a manner reasonably calculated to prevent unauthorized access to or unauthorized use of Personal Information; and (2) upgrading information safeguards as necessary to limit risks.

2.8      Released Parties other than CaptureRx, including those who have been named as defendants in the Litigation, shall have no obligations under the Settlement, financial or otherwise, including but not limited to any obligation to fund the Settlement Fund or with respect to the implementation and maintenance of the CaptureRx ISP.

3.    **P**RELIMINARY **S**ETTLEMENT **A**PPROVAL AND **F**INAL **A**PPROVAL

**3.1**    As soon as practicable after the execution of the Class Settlement Agreement, Settlement Class Counsel shall file a motion seeking entry of a Preliminary Approval Order.   A proposed Preliminary Approval Order shall be submitted with the motion and shall be substantially in the form set forth in Exhibit D.   The motion for Preliminary Approval shall request that the Court, *inter alia*:

(a)    Stay all proceedings in the Litigation other than those related to approval of the Class Settlement Agreement;

(b)    Stay and/or enjoin, pending Final Approval of the Class Settlement Agreement, any actions brought by Settlement Class Members concerning the Released Claims;

(c)    Preliminarily certify the Settlement Class and the California Settlement Subclass for settlement purposes only;

(d)    Preliminarily approve the terms of the Class Settlement Agreement as fair, adequate, and reasonable;

(e)    Appoint Representative Plaintiffs as the Settlement Class representatives for settlement purposes only;

(f)    Appoint Settlement Class Counsel as counsel for the Settlement Class for settlement purposes only;

(g)    Approve the notice program, as set forth in Paragraph 4 herein and set the dates for the Claims Deadline, Opt-Out Deadline, and Objection Deadline;

(h)    Approve the form and contents of a long form notice ("Long Notice") to be posted on the settlement website substantially similar to the one attached hereto

as Exhibit B, and a Summary Notice to be sent via First Class Mail to Settlement Class Members("Summary Notice"), substantially similar to the one attached hereto as Exhibit C, which together shall include a fair summary of the Settling Parties' respective litigation positions, the general terms of the settlement set forth in the Class Settlement Agreement, instructions for how to object to or submit a Request for Exclusion from the settlement, the process and instructions for filing a Claim Form, and the date, time and place of the Final Approval Hearing;

(i)     Approve a Claim Form substantially similar to that attached hereto as Exhibit A;

(j)     Appoint a Claims Administrator; and

(k)     Schedule the Final Approval Hearing.

3.2     CaptureRx will consent to the entry of the Preliminary Approval Order so long as it is substantially in the form attached to this Class Settlement Agreement as Exhibit D and is otherwise consistent with this Class Settlement Agreement.

3.3     Settlement Class Counsel and CaptureRx shall request that the Court hold a Final Approval Hearing after notice is completed and at least 30 days after the Opt-Out Deadline and Objection Deadline, and grant Final Approval of the Class Settlement Agreement as set forth herein.

3.4     The proposed Final Approval Order that shall be filed with the motion for final approval shall, among other things:

(a)     Determine the Class Settlement Agreement is fair, adequate, and reasonable;

(b)     Finally certify the Settlement Class and California Settlement Subclass for settlement purposes only;

(c)     Determine that the Notice Program satisfies due process requirements;

(d)     Dismiss all claims in the CAC with prejudice;

(e)     Bar and enjoin any Settlement Class Members who did not timely Opt-Out in accordance with the requirements of this Class Settlement Agreement from asserting any of the Released Claims; and

(f)     Release and forever discharge CaptureRx and the Released Parties from the Released Claims, as provided for in this Class Settlement Agreement.

## 4.   NOTICE PROGRAM

**4.1**     Within ten (10) days of entry of the Preliminary Approval Order, CaptureRx will provide the Claims Administrator with a list of Settlement Class Members in such format as requested by the Claims Administrator which will include, to the extent available, the name and physical mailing address of each Settlement Class Member, and if known, their respective email addresses.  The Claims Administrator shall cause notice to be disseminated to the Settlement Class Members pursuant to the Preliminary Approval Order and the Notice Program as described below, and in compliance with all applicable laws, including, but not limited to, the Due Process clause of the United States Constitution and Federal Rule of Civil Procedure 23, and be effectuated pursuant to the provisions set forth below, the costs of which shall be a Settlement Cost. The Claims Administrator must maintain the list of Settlement Class Members in strict confidence and may not share the list with anyone other than CaptureRx.

**4.2**     Class Notice shall be provided to the Settlement Class as follows:

(a)     Within fourteen (14) days after receiving the Settlement Class list from

CaptureRx, the Claims Administrator shall send the Summary Notice on a postcard via First Class U.S. Mail, postage pre-paid, to Settlement Class Members. Within twenty (20) days after sending such mail, the Claims Administrator shall undertake reasonable efforts to confirm the address, and to resend notice, for any Settlement Class Members for which the Claims Administrator receives returned mail from the U.S. Postal Service indicating that the initial mailing was not delivered.

(b)     Within seven (7) days after receiving the Settlement Class list from CaptureRx, the Claims Administrator shall establish a dedicated settlement website that includes this Class Settlement Agreement, the Long Notice, and the Claim Form approved by the Court. The Claims Administrator shall maintain and update the website throughout the Claims Period. The Claims Administrator will also post on the settlement website copies of the motion for final approval of the Class Settlement Agreement, and the motion for an Attorneys' Fees and Expenses Award and a Service Award. A toll-free number with interactive voice response and FAQs shall also be made available to address Settlement Class Members' inquiries. The settlement website shall not include any advertising and shall remain operational until thirty (30) days following the Effective Date, at which time the Claims Administrator shall terminate the settlement website and transfer ownership of the URL to CaptureRx.

**4.3**     The Notice Program shall be subject to approval by the Court as meeting the requirements of Rule 23(c) of the Federal Rules of Civil Procedure.

4.4     The Long Notice, Summary Notice, and Claim Form approved by the Court may be adjusted by the Claims Administrator in consultation and agreement with the Settling Parties as may be reasonable and necessary, so long as it is not inconsistent with such approval and does not materially alter the language approved by the Court.

4.5     Prior to the Final Approval Hearing, Counsel for the Settling Parties shall cause to be filed with the Court an appropriate declaration from the Claims Administrator demonstrating compliance with the Court-approved Notice Program.

## 5.     OPT-OUT PROCEDURES

5.1     Each Settlement Class Member wishing to exclude themselves from the Settlement Class must individually sign and timely mail a written Request for Exclusion to the address designated by the Claims Administrator.

5.2     To be effective, a Request for Exclusion must be postmarked no later than 75 days after the date of entry of the Preliminary Approval Order or such other date set by the Court in the Preliminary Approval Order.

5.3     Within 7 days after the Opt-Out Deadline, the Claims Administrator shall provide the Settling Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusions. Settlement Class Counsel may file these materials with the Court, with any Personal Information other than names and cities and states of residence redacted, no later than 7 days prior to the Final Approval Hearing.

5.4     All persons who Opt-Out from the Settlement Class shall not receive any benefits of or be bound by the terms of this Class Settlement Agreement. All persons falling within the definition of the Settlement Class who do not Opt-Out shall be bound by the terms of this Class

Settlement Agreement and the Final Approval Order entered thereon.

6.      **OBJECTION PROCEDURES**

6.1      Each Settlement Class Member who does not file a timely Request for Exclusion may file with the Court a notice of intent to object to the Class Settlement Agreement. The Long Notice shall instruct Settlement Class Members who wish to object to the Agreement to send their written objections only to the Court. The Notice shall make clear that the Court can only approve or deny the Class Settlement Agreement and cannot change the terms. The Notice shall advise Settlement Class Members of the deadline for submission of any objections.

6.2      All such notices of an intent to object to the Class Settlement Agreement must be written and must include all of the following: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) a statement as to whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire class; (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any counsel representing the objector; (vi) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (vii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objections and any documents to be presented or considered; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any).

6.3      To be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than the Objection Deadline.

**6.4**     Except upon a showing of good cause, any Settlement Class Member who fails to substantially comply with the requirements in Paragraph 6 for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Class Settlement Agreement, and shall be bound by all the terms of the Class Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Class Settlement Agreement shall be through the provisions of Paragraph 6.

**7.**     **CLAIMS ADMINISTRATION**

**7.1**     The Claims Administrator shall administer and calculate the Settlement Claims submitted by Settlement Class Members.  All Settlement Claims must be submitted on or before the Claims Deadline to be deemed timely. The determination by the Claims Administrator of the validity or invalidity of all Settlement Claims shall be binding. The Claims Administrator shall periodically provide Settlement Class Counsel and CaptureRx counsel with reports as to both settlement claims and distribution, and they shall have the right to obtain and review supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate.

**7.2**     For each settlement claim submitted and received, the Claims Administrator, in its sole discretion (to be reasonably exercised), will determine whether: (1) the claimant is a Settlement Class Member and, if applicable, and California Settlement Subclass Member; and (2) that the claimant has provided all information required to complete the Claim Form by the Claims Deadline, including but not limited to information required under Paragraph 2. The Claims Administrator may, at any time, request from the claimant, in writing, additional information as the Claims Administrator may reasonably require in order to adequately evaluate the settlement claim. All information provided to the Claims Administrator will be deemed confidential by the Claims Administrator.

**7.3**     The Claims Administrator shall determine whether a claimant's Claim Form, along with supporting materials, are sufficient to support a claim. If the Claims Administrator should receive an incomplete Claim Form or a Claim Form with insufficient documentation to determine whether the claimant is a Settlement Class Member or, if applicable, a California Settlement Subclass member, the Claims Administrator shall request additional information and give the claimant twenty-one (21) days to cure any defect(s) before rejecting a settlement claim. The Claims Administrator shall make requests for additional information within twenty-one (21) days after the Claims Deadline. If a Settlement Class Member fails to correct all deficiencies within twenty-one (21) days from receiving a request for additional information, the Claims Administrator shall deny the claimant's settlement claim and the claimant will not be entitled to an Award.

**7.4**     After receiving additional information, the Claims Administrator shall have thirty (30) days to accept or reject each settlement claim. If, after review of the settlement claim and all documentation submitted by the claimant, the Claims Administrator determines that such a settlement claim is valid, then the settlement claim shall be paid within the time period provided in this Paragraph. If the settlement claim remains invalid because the claimant does not provide the requested information needed to complete the Claim Form and evaluate the settlement claim, then the Claims Administrator may reject the settlement claim without any further action apart from providing a notice of rejection of the settlement claim.

**7.5**     No Person shall have any claim against the Claims Administrator, CaptureRx and the Released Parties, or their counsel, Settlement Class Counsel, and/or the Representative Plaintiffs based on distribution of Awards to Settlement Class Members or to the *cy pres* recipient referenced in this Agreement, if applicable.

**7.6**     The Claims Administrator shall agree to hold the Settlement Funds in an interest-

bearing Qualified Settlement Fund account, and administer the Settlement Fund, subject to the continuing jurisdiction of the Court and from the earliest possible date, as a qualified settlement fund as defined by Treasury Regulation § 1.46B-1, *et seq*.  The Claims Administrator shall pay any taxes owed by the Settlement Fund out of the Settlement Fund.  Except for funding the Settlement Fund, CaptureRx shall not have any other financial obligation under the Class Settlement Agreement. In addition, under no circumstances will CaptureRx have any liability for taxes or tax expenses under this Class Settlement Agreement.

**7.7**      The Claims Administrator will send funds electronically (in an electronic payment format recommended by the Claims Administrator, such as PayPal or Venmo, and agreed-upon by the parties) for Approved Claims within the later of thirty (30) days after the Effective Date or thirty (30) days after all disputed claims have been resolved. No distributions will be made without authorization from the parties. If a Settlement Class Member cannot receive funds electronically, award checks shall be sent by U.S.P.S. mail. Award checks (electronic and paper) shall be valid for a period of 180 days from issuance, and shall state, in words or substance that the check must be cashed within 180 days, after which time it will become void. In the event a settlement check becomes void, the Settlement Class Member to whom that settlement check was made payable will forfeit the right to payment and will not be entitled to have the check reissued or to any further distribution from the Settlement Fund or to any further recourse against the Released Parties, and the Agreement and Release will in all other respects be fully enforceable against the Settlement Class Member. No later than 190 days from the issuance of the Award checks, the Claims Administrator shall take all steps necessary to stop payment on any Award checks that remain uncashed.

**7.8**      If there is any balance remaining in the Settlement Fund ninety (90) days after the

Claims Administrator completes the process for stopping payment on any Award checks that remain uncashed, the Settling Parties will return to the Court seeking direction as to the disposition of these funds, including the selection of a *cy pres* recipient to be approved by the Court. The funds distributed pursuant to the *cy pres* provision set forth in this Paragraph shall not be considered unclaimed property under the laws of Texas or any other state.

**7.9**      All Settlement Class Members who fail to timely submit a valid settlement claim hereunder within the time frames set forth herein, or such other period as may be ordered by the Court or otherwise allowed, shall be forever barred from receiving an Award pursuant to this Agreement, but will in all other respects be subject to, and bound by, the provisions of this Agreement, the Releases contained herein and the Final Approval Order.

**8.     RELEASES**

**8.1**      Upon the Effective Date, each Settlement Class Member, including Representative Plaintiffs, whether or not they have received an Award, will be deemed by operation of this Class Settlement Agreement and by operation of the Final Approval Order to have forever fully, finally, completely, and unconditionally released, discharged, and acquitted CaptureRx and the Released Parties from any and all of the Released Claims, and will be deemed to have also released Unknown Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Representative Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than the participation in the Agreement as provided herein) in which any of the Released Claims or Unknown Claims are asserted.

**8.2**      Upon entry of the Final Approval Order, each Settlement Class Member, including

Representative Plaintiffs, shall be barred from initiating, asserting, or prosecuting against CaptureRx and any Released Parties any claims that are released by operation of the Class Settlement Agreement and the Final Approval Order.

## 9. SETTLEMENT CLASS COUNSEL'S ATTORNEYS' FEES AND EXPENSES AWARD; REPRESENTATIVE PLAINTIFFS' SERVICE AWARD

9.1     Settlement Class Counsel may file a motion seeking reasonable attorneys' fees in an amount not to exceed 33 percent (or $1,583,333.33) of the Settlement Fund.  In addition, Class Counsel may seek their reasonable costs and expenses from the Settlement Fund (not to exceed $30,000.00).  The entirety of the Attorneys' Fees and Expenses Award shall be payable solely from the Settlement Fund.

9.2     Settlement Class Counsel will also request from the Court a Service Award for each Representative Plaintiff in the amount of Two Thousand Dollars ($2,000.00), to be paid solely from the Settlement Fund. CaptureRx will not object to Representative Plaintiffs' request for a Service Award payment, unless Representative Plaintiffs' request exceeds the terms outlined in this Agreement.

9.3     Within seven (7) days after the Effective Date, the Claims Administrator shall pay any Attorneys' Fees and Expenses Award and Service Award from the Settlement Fund to a law firm designated by Settlement Class Counsel.

9.4     No order of the Court or modification or reversal or appeal of any order of the Court concerning the amounts of the Attorneys' Fees and Expenses Award or the Service Award hereunder shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Class Settlement Agreement.

9.5     CaptureRx shall not be liable for any additional attorneys' fees and expenses of Settlement Class Counsel or the Representative Plaintiffs in the Litigation.

10.    **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

**10.1**    CaptureRx's willingness to settle this Litigation on a class-action basis and to agree to the accompanying certification of the Settlement Class is dependent on achieving finality in this Litigation and the desire to avoid the expense of this and other litigation, unless otherwise expressly provided for in this Class Settlement Agreement.  Consequently, CaptureRx has the right to terminate this Class Settlement Agreement, declare it null and void, and have no further obligations under this Class Settlement Agreement to the Representative Plaintiffs, the Settlement Class, the California Settlement Subclass, or Settlement Class Counsel, unless each of the following conditions occur:

        (a)    The Court has entered a Preliminary Approval Order;

        (b)    The Court enters a Final Approval Order; and

        (c)    The Effective Date has occurred.

**10.2**    If all of the conditions in Paragraph 10.1 are not fully satisfied and the Effective Date does not occur, this Class Settlement Agreement shall, without notice, be automatically terminated unless Settlement Class Counsel and CaptureRx counsel mutually agree in writing to proceed with the Class Settlement Agreement.

**10.3**    In the event that the Class Settlement Agreement is not approved by the Court or the Class Settlement Agreement is terminated in accordance with its terms: (a) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or litigant, which extension shall be subject to the decision of the Court; and (b) the terms and provisions of the Class Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for

any purpose, and any judgment or order entered by the Court in accordance with the terms of the Class Settlement Agreement, including certification of the Settlement Class for settlement purposes only, shall be treated as vacated, *nunc pro tunc*.  Notwithstanding any statement in this Class Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of any Attorneys' Fees and Expenses Award to Settlement Class Counsel shall constitute grounds for cancellation or termination of the Class Settlement Agreement.

**10.4**    For the avoidance of doubt, CaptureRx conditionally agrees and consents to certification of the Settlement Class for settlement purposes only, and within the context of the Class Settlement Agreement only. If the Class Settlement Agreement, for any reason, is not fully approved or is otherwise terminated, CaptureRx reserves its right to assert any and all objections and defenses to certification of a class, and neither the Class Settlement Agreement nor any Order or other action relating to the Class Settlement Agreement shall be offered by any Person as evidence or in support of a motion to certify a class for a purpose other than settlement.

**11.    DISMISSAL OF THE ACTION**

**11.1**    Representative Plaintiffs, on behalf of themselves and the Settlement Class Members, consent to the dismissal of this Litigation with prejudice upon the Court's final approval of this Class Settlement Agreement.

**12.    MISCELLANEOUS PROVISIONS**

**12.1**    The Settling Parties and their counsel acknowledge that it is their intent to consummate this Class Settlement Agreement and agree to undertake their best efforts to effectuate and implement all terms and conditions of this Class Settlement Agreement, including taking all

steps and efforts contemplated by this Class Settlement Agreement, and any other steps and efforts which may become necessary by order of the Court or otherwise.

**12.2**    The Parties intend this Class Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Litigation and with regard to the Released Parties.  The Class Settlement Agreement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

**12.3**    Neither the Class Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Class Settlement Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim or of any wrongdoing or liability of any of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Any of the Released Parties may file the Class Settlement Agreement in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**12.4**    The Class Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

**12.5**    The Class Settlement Agreement contains the entire agreement between the Settling Parties and supersedes all prior agreements or understandings between them.  The terms of the Class Settlement Agreement shall be construed as if drafted jointly by all Settling Parties to this Class Settlement Agreement.  The terms of the Class Settlement Agreement shall be binding upon each of the Settling Parties to this Class Settlement Agreement, their agents, attorneys, employees, successors and assigns, and upon all other Persons or entities claiming any interest in the subject matter hereof, including any Settlement Class Member.

**12.6**    CaptureRx shall not be liable for any additional attorneys' fees and expenses of any Settlement Class Members' counsel, including any potential objectors or counsel representing a Settlement Class Member individually, other than what is expressly provided for in this Class Settlement Agreement.  Settlement Class Counsel agree to hold CaptureRx harmless from any claim regarding the division of any Attorneys' Fees and Expenses Award to Settlement Class Counsel, and any claim that the term "Settlement Class Counsel" fails to include any counsel, Person, or firm who claims that they are entitled to a share of any attorneys' fees awarded to Settlement Class Counsel in this lawsuit.

**12.7**    The Class Settlement Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Texas, and the rights and obligations of the parties to the Class Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas without

giving effect to that State's choice of law principles.

**12.8**    The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Class Settlement Agreement and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Class Settlement Agreement that cannot be resolved by negotiation and agreement by counsel for the Settling Parties.  The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Class Settlement Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Class Settlement Agreement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Claims Administrator.  As part of its agreement to render services in connection with this Settlement, the Claims Administrator shall consent to the jurisdiction of the Court for this purpose.

**12.9**    The individuals signing this Class Settlement Agreement on behalf of CaptureRx represent that they are fully authorized by CaptureRx to enter into, and to execute, this Class Settlement Agreement on its behalf.  Settlement Class Counsel represent that they are fully authorized to conduct settlement negotiations with counsel for CaptureRx on behalf of Representative Plaintiffs, and to enter into, and to execute, this Class Settlement Agreement on behalf of the Settlement Class, subject to Court approval pursuant to Fed. R. Civ. P. 23(e).

**12.10**   None of the Settling Parties to this Class Settlement Agreement shall be considered to be the primary drafter of this Class Settlement Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

**12.11**   The Settling Parties agree that this Class Settlement Agreement, and the Final Order following from the Class Settlement Agreement, will not prejudice in any way the Settling Parties'

right to raise any of the arguments that the Settling Parties made in this case in any future litigation.

**12.12**   In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, this Class Settlement Agreement shall continue in full force and effect without said provision to the extent CaptureRx does not exercise its right to terminate under Paragraph 10.

**12.13**   If applicable, within thirty (30) days after Award payments are funded, Settlement Class Counsel shall destroy all confidential, non-public information obtained in connection with the Litigation and Class Settlement Agreement, and certify the same.

**12.14**   All notices or formal communications under this Class Settlement Agreement shall be in writing and shall be given (i) by hand delivery; (ii) by registered or certified mail, return receipt requested, postage pre-paid; or (iii) by overnight courier to counsel for the Settling Party to whom notice is directed at the following addresses, and also send a copy by electronic mail:

For the Representative Plaintiffs and the Settlement Class:

M. Anderson Berry
Clayeo C. Arnold
A Professional Law Corp.
865 Howe Avenue
Sacramento, CA 95825

and

Gary M. Klinger
Mason Lietz & Klinger LLP
227 W. Monroe St., Suite 2100
Chicago, IL 20016
For CaptureRx:

Levi G. McCathern
McCathern Shokouhi Evans & Grinke, PLLC
3710 Rawlins, Suite 1600
Dallas, TX 75219

Kevin M. O'Hagan

James W. Davidson
Shane M. Bradwell
O'Hagan Meyer
One E. Wacker Dr., Suite 3400
Chicago, IL 60601

Counsel may designate a change of the person to receive written notice or a change of address, from time to time, by giving written notice to all Settling Parties in the manner described in this Paragraph.

**12.15**   Settlement Class Counsel, CaptureRx, and CaptureRx's counsel may execute this Class Settlement Agreement in counterparts, and the execution of counterparts shall have the same effect as if all Settling Parties had signed the same instrument.  Facsimile and scanned signatures shall be considered as valid signatures as of the date signed.  This Class Settlement Agreement shall not be deemed executed until signed by all Settlement Class Counsel, and by counsel for and representative(s) of CaptureRx.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Agreement to be executed on their behalf by their duly authorized counsel of record, all as of the day set forth below:

[*SIGNATURES ON NEXT PAGE*]

Dated: 02 / 08 / 2022         , 2022

_____
Daisy Trujillo, Plaintiff

Dated: _____, 2022

_____
Mark Vereen,
Representative Plaintiff

Dated: _____, 2022

_____
Michelle Rodgers,
Representative Plaintiff

Dated: _____, 2022

_____
Echoe Camacho, on behalf of herself and her
minor child, T.C.,
Representative Plaintiff

Dated: _____, 2022

_____
Angelica Mendoza,
Representative Plaintiff

Doc ID: eb61207287209665cb5ddc77d2f972aea0fe22a3

Dated: _____, 2022

_____
Daisy Trujillo, Plaintiff


Dated: Feb 4, 2022 _____, 2022

*Mark Vereen*
Mark Vereen (Feb 4, 2022 18:26 CST)
_____
Mark Vereen,
Representative Plaintiff


Dated: _____, 2022

_____
Michelle Rodgers,
Representative Plaintiff


Dated: _____, 2022

_____
Echoe Camacho, on behalf of herself and her
minor child, T.C.,
Representative Plaintiff


Dated: _____, 2022

_____
Angelica Mendoza,
Representative Plaintiff

Dated:  _____, 2022        _____
                                Daisy Trujillo, Plaintiff


Dated:  _____, 2022        _____

                                Mark Vereen,
                                Representative Plaintiff

Dated:  Feb 9, 2022
        _____, 2022          *Michelle Rodgers*
                                Michelle Rodgers (Feb 9, 2022 05:59 CST)
                                _____
                                Michelle Rodgers,
                                Representative Plaintiff


Dated:  _____, 2022        _____
                                Echoe Camacho, on behalf of herself and her
                                minor child, T.C.,
                                Representative Plaintiff


Dated:  _____, 2022        _____

                                Angelica Mendoza,
                                Representative Plaintiff

Dated: _____, 2022

_____

 Daisy Trujillo, Plaintiff


Dated: _____, 2022

_____

Mark Vereen,
Representative Plaintiff


Dated: _____, 2022

_____

Michelle Rodgers,
Representative Plaintiff


Dated: February 8, 2022

_____

Echoe Camacho, on behalf of herself and her
minor child, T.C.,
Representative Plaintiff


Dated: _____, 2022

_____

Angelica Mendoza,
Representative Plaintiff

Dated: _____, 2022      _____

  Daisy Trujillo, Plaintiff

Dated: _____, 2022      _____

Mark Vereen,
Representative Plaintiff

Dated: _____, 2022      _____

Michelle Rodgers,
Representative Plaintiff

Dated: _____, 2022      _____

Echoe Camacho, on behalf of herself and her
minor child, T.C.,
Representative Plaintiff

Dated: 02/10/2022, 2022      

Angelica Mendoza,
Representative Plaintiff

- 34 -

Dated: Feb. 10th, 2022          **NEC Networks, LLC d/b/a CaptureRx**

By: _____

Title: _____

# **EXHIBIT A**
## *to*
# *Settlement Agreement*

CaptureRx Settlement Administrator
c/o [Claims Admin]
P.O. Box XXXX
[City, State Zip]

<div style="border:1px solid red">

**Your Claim Form Must Be Submitted On or Before MONTH DD, 2022**

</div>

## *In re: CaptureRx Data Breach Litigation*

United States District Court for the Western District of Texas (Case No. 5:21-cv-00523-OLG)

### Claim Form

**SAVE TIME BY SUBMITTING YOUR CLAIM ONLINE AT WWW.XXXXXX.COM**

GENERAL CLAIM FORM INFORMATION

You should complete and submit a claim online or this form by mail if you received a notice from NEC Networks, LLC d/b/a CaptureRx ("CaptureRx") that your first name, last name, date of birth and prescription information was compromised in a data incident on February 6, 2021.

The settlement notice describes your legal rights and options. Please visit the official settlement administration website, www.xxxxxx.com, or call 1-844-XXX-XXXX for more information.

If you wish to submit a claim for a settlement payment, please provide the information requested below. You must submit your claim online by **MONTH DD, 2022**, or complete and mail this Claim Form to the Claims Administrator, postmarked by **MONTH DD, 2022**.

### TO SUBMIT A CLAIM FOR PAYMENT:

1. Complete all sections of this Claim Form.
2. Sign the Claim Form.
3. Submit the completed Claim Form to the Claims Administrator by **Month DD, 2022.**

This Claim Form should only be used if a claim is being mailed and is not being filed online. You may go to www.xxxxxx.com to submit your claim online, or you may submit this Claim Form by mail to the address at the top of this form. Note that postage to send the Claim Form by mail is not pre-paid.

## 1. CLASS MEMBER INFORMATION.

*First Name      Middle Initial

*Last Name      Suffix

*Mailing Address: Street Address/P.O. Box (include Apartment/Suite/Floor Number)

*City      *State      *Zip Code

*Current Email Address

Current Phone Number (Optional)      *Settlement Clam ID

*Settlement Claim ID: Your Settlement Claim ID can be found on the postcard or Email Notice you received informing you about this Settlement. If you need additional help locating this ID, please contact the Settlement Administrator at 1(844) XXX-XXXX.

## 2. PAYMENT ELIGIBILITY INFORMATION.

Please review the notice and sections 2.3 through 2.8 of the Settlement Agreement (available at www.xxxxxx.com) for more information on who is eligible for a payment.

Please provide as much information as you can to help us figure out if you are entitled to a settlement payment.

**PLEASE PROVIDE THE INFORMATION LISTED BELOW:**
Settlement Class Members who file a valid claim will be eligible for $25, plus an additional $75 if the Settlement Class Member resided in California at the time of receiving notice from CaptureRx regarding the Data Incident. Settlement Class Members will receive only one payment.

### Settlement Class Payment

☐ I attest that CaptureRx notified me that my first name, last name, date of birth and prescription information was compromised during the Data Incident that took place on February 6, 2021.

> **Note:** Every Settlement Class Member who attests that that they received a notice from CaptureRx that their informationw was involved in the Data Incident is eligible to receive $25.00, regardless of whether they experienced any fraud or any identity theft as a result of the Data Incident. The $25.00 award is subject to a pro rata reduction or a pro rata increase, depending upon how many claims are filed.

### California Subclass Payment

In addition to the above benefits, California Settlement Subclass Members will also be eligible for an additional benefit of $75 per California Settlement Subclass Members, subject to a potential pro rata reduction or pro rata increase, depending upon how many claims are filed.

**To redeem this $75 benefit, California Settlement Subclass Members must submit a Settlement Claim and attest by checking the box below that they were a California resident at the time they received notice from CaptureRx of the Data Incident.**

☐ I attest that I was a California resident at the time CaptureRx notified me of the Data Incident (betweeen May and July 2021).

## 3. SIGN AND DATE YOUR CLAIM FORM.

| Signature | Print Name | Date |
|---|---|---|

Please keep a copy of your completed Claim Form for your records.

Mail your completed Claim Form to the Settlement Administrator or submit your claim online at www.SettlementWebsite.com.

It is your responsibility to notify the Settlement Administrator of any changes to your contact information after you submit your claim.  You can update your contact information at www.SettlementWebiste.com.

# EXHIBIT B

*to*

*Settlement Agreement*

**NOTICE OF CLASS ACTION SETTLEMENT**

WESTERN DISTRICT OF TEXAS
*In re: CaptureRx Data Breach Litigation*,
Case No. 5:21-cv-00523-OLG

**If you received a notice from NEC Networks, LLC d/b/a/ CaptureRx ("CaptureRx") in 2021, stating that your first name, last name, date of birth and prescription information was exposed on or about February 6, 2021 in a data breach that targeted CaptureRx and the pharmacies it services, you may be eligible for benefits from a data breach class action settlement.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement (the "Settlement") has been proposed with CaputreRx in lawsuits asserting claims against CaptureRx and certain of its pharmacy customers relating to a data security incident that occurred on or around February 6, 2021, arising from a third-party criminal cyberattack (the "Data Incident"). CaptureRx and the other defendants deny all of the claims. The Settlement does not establish who is correct and is not an admission of fault, but rather is a compromise to end the lawsuit.

- The Settlement includes, subject to certain limitations, all people residing in the United States whose PII and PHI (a) Defendant stored and/or shared in CaptureRx's electronic files and (b) was exposed to an unauthorized party as a result of the Data Incident (the "Settlement Class").

- The Settlement makes members of the Settlement Class who submit valid claims eligible to receive cash payment(s) if their information was exposed in the Data Incident.

  Settlement Class Payment: Every Settlement Class Member who attests that CaptureRx notified them that they were impacted by the Data Incident is eligible to receive Twenty-Five Dollars ($25.00), regardless of whether or not they experienced any identity theft as a result of the Data Incident. This payment is subject to a potential *pro rata* reduction or increase as detailed below.

  California Settlement Subclass Payment: In addition to the Settlement Class Payment, California Settlement Subclass Members will also be eligible for an additional benefit of Seventy-Five Dollars $75 each, subject to a potential *pro rata* reduction or increase as detailed below. To redeem this additional benefit, California Settlement Subclass Members must submit a Settlement Claim and attest that they were a California resident at the time CaptureRx notified them of the Data Incident in approximately May 2021.

**Your legal rights are affected even if you do nothing. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim** | This is the only way to get benefits under this Settlement. |
| **Ask to be Excluded** | Get no benefits. This is the only option that allows you to bring your own lawsuit against CaptureRx and/or its pharmacy customers related to the Data Incident. |
| **Object** | Write to the Court about why you do not think the Settlement is fair, reasonable, or adequate. |
| **Go to the Hearing** | Ask to speak in Court about the fairness of the Settlement. |
| **Do Nothing** | Get no benefits from the Settlement. Give up rights to submit a claim for the Settlement benefits or to bring a different lawsuit against CaptureRx and/or its pharmacy customers related to the Data Incident. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to grant final approval of the Settlement. No cash payments will be made until after the Court grants final approval of the Settlement and all appeals, if any, are resolved.

## BASIC INFORMATION

| 1. | Why is there a Notice? |
|---|---|

The Court authorized this notice because you have a right to know about the Settlement and all of your options before the Court decides whether to give "final approval" to the Settlement.  This notice explains the nature of the lawsuit that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

Judge Orlando L. Garcia of the United States District Court for the Western District of Texas is overseeing this case known as *In re CaptureRx Data Breach Litigation*, Case No. 5:21-cv-00523-OLG.  The people who brought the lawsuit are called the Plaintiffs.  The companies being sued, CaptureRx and certain of its pharmacy customers, are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

The lawsuit claims that Defendants were responsible for the Data Incident and asserts claims such as: negligence, invasion of privacy, and violations of the California Confidentiality of Medical Information Act.

Defendants deny these claims and say they did not do anything wrong.  No court or other judicial entity has made any judgment or other determination that Defendants have any liability on these claims or did anything wrong.

| 3. | Why is this lawsuit a class action? |
|---|---|

In a class action, one or more people called class representatives or representative plaintiffs sue on behalf of all people who have similar claims.  Together, all of these people are called a class and the individuals are called class members.  One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | Why is there a Settlement? |
|---|---|

The Court has not decided in favor of the Plaintiffs or Defendants.  Instead, both sides agreed to the Settlement.  The Settlement avoids the costs and risks of a trial and related appeals, while providing benefits to members of the Settlement Class ("Settlement Class Members").  The "Settlement Class Representatives" appointed to represent the Settlement Class, and the attorneys for the Settlement Class ("Settlement Class Counsel," see Question 18) think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

| 5. | How do I know if I am part of the Settlement? |
|---|---|

You are affected by the Settlement and potentially a member of the Settlement Class if you resided in the United States and your first name, last name, date of birth and prescription information was exposed to an unauthorized party as a result of the Data Incident.  CaptureRx sent notices to those affected by the Data Incident in 2021.

Only Settlement Class Members are eligible to receive benefits under the Settlement.  Specifically excluded from the Settlement Class are CaptureRx and its pharmacy customers that were affected by the Data Incident and their officers and directors, any judges presiding over this case and their judicial staff and immediate family members, Settlement Class Counsel and their first-degree relatives, and persons who timely and validly request exclusion from the Settlement Class.

| 6. | What if I am not sure whether I am included in the Settlement Class? |
|---|---|

If you are not sure whether you are included in the Settlement Class, you may call _____ with questions. You may also write with questions to _____.

### THE SETTLEMENT BENEFITS–WHAT YOU GET IF YOU QUALIFY

| 7. | What does the Settlement provide? |
|---|---|

The Settlement provides that CaptureRx will fund the following payments, up to a total of $4,750,000.00: (a) a $25.00 cash payment to each Settlement Class Member who files a valid claim; (b) an additional $75.00 cash payment to each California Settlement Subclass Member who files a valid claim; (c) any attorneys' fees and expenses awarded by the court (see Question 19); (d) any service award to the Representative Plaintiffs awarded by the court; and (e) notice and claims administration costs. The payments to the Settlement Class and the California Settlement Subclass are subject to *pro rata* reduction, or may be increased on a *pro rata*, depending upon the number of claims filed. If there are funds remaining after these payments, the residual amount will not be returned to CaptureRx but will paid to a charitable recipient.

| 8. | How do I get a benefit? |
|---|---|

To receive any benefit under the Settlement, you must complete and submit a claim for that benefit (a "Claim"). Every Claim must be made on a form ("Claim Form") available at www.XXXXXX.com or by calling 1-877-XXX-XXXX. Read the instructions carefully, fill out the Claim Form, and submit it according to the instructions on the Claim Form.

| 10. | How will claims be decided? |
|---|---|

The Claims Administrator will decide whether and to what extent any Claim made on each Claim Form is valid. The Claims Administrator may require additional information. If you do not provide the additional information in a timely manner, the Claim will be considered invalid and will not be paid.

| 11. | When will I get my payment? |
|---|---|

The Court will hold a hearing on **[DATE]** to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving them can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Please be patient.

### WHAT DO DEFENDANTS GET?

| 12. | What am I giving up as part of the Settlement? |
|---|---|

If the Settlement becomes final and you do not exclude yourself from the Settlement, you will be a Settlement Class Member and you will give up your right to sue Defendants and other persons ("Released Parties") as to all claims ("Released Claims") arising out of or relating to the Data Incident. This release is described in the Class Settlement Agreement, which is available at www.XXXXXX.com. If you have any questions you can talk to the law firms listed in Question 18 for free, or you can talk to your own lawyer.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of this Settlement, but you want to keep the right to sue Defendants about the legal issues in this case, then you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class.

**13.   If I exclude myself, can I get a payment from this Settlement?**

No.  If you exclude yourself you will not be entitled to receive any benefits from the Settlement, but you will not be bound by any judgment in this case.

**14.   If I do not exclude myself, can I sue Defendants for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue Defendants (and any other Released Persons) for the claims that this Settlement resolves.  You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.  If you exclude yourself, do not submit a Claim Form to ask for any benefit under the Settlement.

If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this class action, you may want to consult an attorney, at your expense, and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitations or repose.

**15.   How do I exclude myself from the Settlement?**

To exclude yourself, send a letter that says you want to be excluded from the Settlement in *In re CaptureRx Data Breach Litigation*, Case No. 5:21-cv-00523-OLG (W.D. Tex.).  You can use the exclusion form available at www.XXXXXX.com.  You must mail your exclusion request postmarked by ___, 2022, to:

<div align="center">

CaptureRx Data Breach Settlement Exclusions
PO Box ____

</div>

<div align="center">

**OBJECTING TO THE SETTLEMENT**

</div>

**16.   How do I tell the Court that I do not like the Settlement?**

You can tell the Court that you do not agree with the Settlement or some part of it by objecting to the Settlement.  The Court will consider your views in its decision whether to approve the Settlement.  To object, you must mail your notice of intent to object to the Clerk of the Court, Class Counsel and Defendants' Counsel, at the mailing addresses listed below, postmarked by **no later** than the objection deadline, _____:

| Court | Defendants' Counsel |
|---|---|
| Clerk of the Court<br>U.S. District Clerk's Office<br>655 E. Cesar E. Chavez Blvd., Room G65<br>San Antonio, Texas 78206 | Kevin M. O'Hagan<br>O'Hagan Meyer LLC<br>One E. Wacker Dr., Suite 3400<br>Chicago, IL 60601 |
| **Class Counsel** | |
| M. Anderson Berry<br>Clayeo C. Arnold,<br>A Professional Law Corp.<br>865 Howe Avenue<br>Sacramento, CA 95825 | Gary Klinger<br>Mason Lietz & Klinger LLP<br>227 W. Monroe St., Suite 2100<br>Chicago, IL 20016 |

Your objection must state: (1) the name of the Litigation: *In re: CaptureRx Data Breach Litigation,* Case No. 5:21-cv-00523-OLG (W.D. Tex.); (2) your name, address, telephone number, and email address (if any); (3) information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class (4) a statement as to whether your objection applies only to yourself, to a specific subset of the Settlement Class, or to the entire Settlement Class; (5) a clear and detailed written statement of the specific legal and factual bases for each of your objections, accompanied by any legal support for the objection(s) you believe applicable; (6) the identity of any counsel representing you; (7) a statement whether you intend to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (8) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objections and any documents to be presented or considered; and (9) your signature and the signature of your duly authorized attorney or other duly authorized representative (if any).

## 17.   What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved. You can object only if you are a member of the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any payment from the Settlement. If you exclude yourself, you have no basis to object because you are no longer a member of the Settlement Class and the case no longer affects you. If you submit both a valid objection and a valid request to be excluded, you will be deemed to have only submitted the request to be excluded.

## THE LAWYERS REPRESENTING YOU

## 18.   Do I have a lawyer in this case?

Yes. The Court appointed M. Anderson Berry and Gary M. Klinger as Interim Class Counsel to represent the Class in settlement negotiations. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 19.   How will the lawyers be paid?

Class Counsel will ask the Court for an award for attorneys' fees of up to $1,583,333.33, plus costs and expenses of up to $30,000.00. CaptureRx has agreed to pay any award of attorneys' fees and expenses up to those amounts, to the extent approved by the Court. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement, and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

Class Counsel will also ask the Court for a service award of up to $2,000.00 each for Representative Plaintiffs Daisy Trujillo, Mark Vereen, and Michelle Rodgers.

Any award for attorneys' fees, costs and expenses for Class Counsel and of service awards to the Representative Plaintiffs must be approved by the Court. The Court may award less than the amounts requested. Class Counsel will file their motion papers in support of final approval of the Settlement and their application for attorneys' fees, costs and expenses, and service awards no later than **[DATE]** and they will be posted on the settlement website.

## THE COURT'S FINAL APPROVAL HEARING

## 20.   When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at **[TIME]** on **[DATE],** at the San Antonio U.S. District Courthouse, 655 E. Cesar E. Chaves Blvd., San Antonio, TX 78206. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, the Court will

consider them and will listen to people who have asked to speak at the hearing if they have properly made such a request.  The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses, as well as the request for service awards for the Representative Plaintiffs.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.  The Court may move the hearing to a different date or time without additional notice to the Settlement Class, so Class Counsel recommend checking www.XXXXXX.com or calling 1-877-XXX-XXXX.

### 21.   Do I have to attend the hearing?

No.  Class Counsel will present the Class Settlement Agreement to the Court.  You or your own lawyer are welcome to attend, at your expense, but you are not required to do so.  If you send an objection, you do not have to come to the Court to discuss it.  As long as you filed your notice of intent to object containing your objection on time with the Court and mailed it according to the instructions provided in Question 16, the Court will consider it.

### 22.   May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must file a notice of intent to object according to the instructions in Question 16, including all the information required.  Your objection must be **mailed** to the Clerk of the Court, Class Counsel and Defendants' Counsel, postmarked no later than **[DATE]** (See Question 16.).

## IF YOU DO NOTHING

### 23.   What happens if I do nothing?

If you do nothing you will not get any money from this Settlement and, if the Settlement is granted final approval and the judgment becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against CaptureRx and the other Released Parties based on any of the Released Claims.

## GETTING MORE INFORMATION

### 24.   How do I get more information?

This Notice summarizes the proposed Settlement.  More details are in the Class Settlement Agreement itself.  A copy of the Class Settlement Agreement is available at www.XXXXXX.com. You may also call the Settlement Administrator with questions or to request a Claim Form at 1-877-XXX-XXXX.

# **EXHIBIT C**

*to*

*Settlement Agreement*

**What does the settlement provide?** The Settlement provides that CaptureRx will fund the following payments, up to a total of $4,750,000.00: (a) a $25.00 cash payment to each Settlement Class Member who files a valid claim; (b) an additional $75.00 cash payment to each California Settlement Subclass Member who files a valid claim; (c) any attorneys' fees and expenses awarded by the court; (d) any service award to the Representative Plaintiffs awarded by the court; and (e) notice and claims administration costs.  The payments to the Settlement Class and the California Settlement Subclass are subject to *pro rata* reduction, or may be increased on a *pro rata* basis, depending upon the number of claims filed.  If there are funds remaining after these payments, the residual amount will not be returned to CaptureRx but will paid to a charitable recipient.

**How can I get a payment?** A detailed notice and Claim Form package contains everything you need.  Just visit the website below to get one.  To qualify for a payment, you must send in a complete and valid Claim Form, which can be submitted electronically or by mail.  Claim Forms must be submitted electronically or, if mailed, postmarked by **Month 00, 2022**.

**What are your options.** If you do not want to be legally bound by the Settlement you must exclude yourself by **Month 00, 2022**.  You may object to the Settlement by **Month 00, 2022**. The detailed Notice available on the website explains how to exclude yourself or object.  The Court will hold a hearing in this case on **Month 00, 2022**, to consider whether to approve the Settlement.  At the hearing, the Court will also consider a request by the lawyers representing all Settlement Class Members for attorneys' fees, costs, and expenses for investigating the facts, litigating the case, and negotiating the Settlement, as well as for service awards to the Settlement Class Representatives for their time participating in the case.  You may ask to appear at the hearing, but you do not have to.

Class Counsel will file an application for fees, expenses, and service awards no later than **Month 00, 2022**. The application will be available on the Settlement Website or you can request a copy by contacting the Settlement Administrator.

**www.XXXXXX.com**                    **1-XXX-XXX-XXXX**

**If you received a notice from NEC Networks, LLC d/b/a/ CaptureRx ("CaptureRx") in approximately 2021 stating that your first name, last name, date of birth and prescription information was exposed on or about February 6, 2021 in a data breach that targeted CaptureRx and the pharmacies it services, you may be eligible for benefits from a data breach class action settlement.**

A Settlement has been proposed with CaptureRx and certain of its pharmacy customers in lawsuits asserting claims against them relating to a data security incident that occurred on or about February 6, 2021 arising from a third-party cyberattack that compromised the first names, last names, dates of birth and prescription information of some pharmacy clients (the "Data Incident"). CaptureRx and the other defendants deny all of the claims. The Settlement does not establish who is correct and is not, and is not an admission of fault, but rather is a compromise to end the lawsuit.

You are affected by the Settlement and potentially a member of the Settlement Class if you received a notice from CaptureRx in 2021 that your first name, last name, date of birth and prescription information was compromised in the Data Incident and you live in the United States or in U.S. territories. You received this notice because records indicate you may be a Settlement Class Member.

Visit www.XXXXXX.com or call 1-(XXX)-XXX-XXXX for more information.

**CaptureRx Data Breach Settlement**
c/o Settlement Administrator
P.O. Box XXXX
[CITY, STATE ZIP]

**ELECTRONIC SERVICE REQUESTED**

[CLAIM ID]
[FIRST NAME] [LAST NAME]
[ADDRESS]
[ADDRESS]
[CITY] [STATE] [ZIP]



Postal Service: Do Not Mark or Cover Barcode

# EXHIBIT D

*to*

*Settlement Agreement*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| ***IN RE: CAPTURERX DATA BREACH LITIGATION*** | Master File No. 5:21-cv-00523-OLG |
| | Assigned for All Purposes to: Judge Orlando L. Garcia |
| THIS DOCUMENT RELATES TO: | |
| **ALL ACTIONS** | **CLASS ACTION** |
| | [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND CONDITIONALLY CERTIFYING SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY |
| | Complaint Filed:    08/13/21 Trial Date:          Not Yet Set |
| | **DEMAND FOR JURY TRIAL** |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND CONDITIONALLY CERTIFYING SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY**

WHEREAS, Plaintiff Daisy Trujillo filed the first action consolidated in the above styled action on June 2, 2021;

WHEREAS, Plaintiff Mark Vereen filed the second action consolidated in the above styled action on June 4, 2021;

WHEREAS, Plaintiffs Trujillo and Vereen moved this Court to consolidate their two actions as well as any subsequently filed or transferred related actions on June 30, 2021.

WHEREAS, Plaintiffs Trujillo and Vereen thereafter, on August 13, 2021 filed a Consolidated Class Action Complaint against Defendants CaptureRx and RiteAid.

1

WHEREAS, Plaintiff Michelle Rodgers filed the third action consolidated in the above styled action on July 21, 2021.

WHEREAS, Plaintiff Echoe Camacho, on behalf of herself and her minor child, T.C., filed the fifth action consolidated in the above styled action on June 4, 2021 in the Eastern District of California and the parties stipulated to a transfer to this Court on October 13, 2021.

WHEREAS, Plaintiff Angelica Mendoza filed the sixth action consolidated in the above styled action on August 10, 2021 in the Northern District of California and the parties stipulated to a transfer to this Court on December 14, 2021.

WHEREAS, Plaintiffs Daisy Trujillo, Mark Vereen, Michelle Rodgers, Mark Biddle, Donald Woodrome, Echoe Camacho, on behalf of herself and her minor child, T.C., and Angelica Mendoza, ("Named Plaintiffs"), individually and on behalf of themselves and the proposed Settlement Class (defined below), and Defendant CaptureRx ("Defendant") (collectively, the "Settling Parties"), have entered into a Settlement Agreement (the "Settlement") resolving the Action, subject to Court approval;

WHEREAS, the Action was settled as a result of arm's-length negotiations, investigation and informal discovery sufficient to permit counsel and the Court to act knowingly, and counsel are experienced in similar litigation; and

WHEREAS, Named Plaintiffs, the Proposed Class Representatives, have moved the Court for entry of an order preliminarily approving the Settlement, conditionally certifying the Settlement Class for settlement purposes only, and approving the form and method of notice upon the terms and conditions set forth in the Settlement, together with all exhibits thereto.

WHEREAS, the Court having considered the Settlement, together with all exhibits thereto and records in this case, and the arguments of counsel and for good cause appearing, hereby orders as follows:

## I. CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

1.      Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement and Conditionally Certifying Settlement Class for Settlement Purposes Only is GRANTED. The terms defined in the Settlement shall have the same meaning in this Order.

2.      Having made the finding set forth below, the Court conditionally certifies the following Nationwide Settlement Class and California Settlement Subclass (collectively, the "Settlement Class") for settlement purposes only:

> The Nationwide Settlement Class: All natural persons residing in the United States whose Personal Information was exposed to an unauthorized party as a result of the Data Incident.

> The California Settlement Subclass: All natural persons residing in the State of California at the time of the Data Incident whose Personal Information (a) Defendant stored and/or shared in its electronic files and (b) was exposed to an unauthorized party as a result of the data breach announced between March 30 and April 7, 2021 and that occurred on February 6, 2021.

3.      Excluded from the Settlement Class are the Court, the officers and directors of Defendant, persons who have been separately represented by an attorney and entered into a separate settlement agreement in connection with the Data Breach, and persons who timely and validly request exclusion.

4.      For settlement purposes only, with respect to the Settlement Class, the Court preliminary finds the prerequisites for a class action pursuant to Federal Rule 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact

3

common to all Settlement Class members predominate over any potential individual questions; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiffs and proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy.

5.    The Court hereby appoints Named Plaintiffs Daisy Trujillo, Mark Vereen, Michelle Rodgers, Mark Biddle, Donald Woodrome, Echoe Camacho, on behalf of herself and her minor child, T.C., and Angelica Mendoza, as the Class Representatives for the Settlement Class.

6.    The Court hereby appoints M. Anderson Berry of Clayeo C. Arnold, A Professional Law Corp.; and Gary M. Klinger of Mason, Lietz & Klinger, LLP as Class Counsel.

## II. PRELIMINARY APPROVAL

7.    The terms of the Settlement, including its proposed releases, are preliminarily approved as within the range of fair, reasonable, and adequate, and are sufficient to warrant providing notice of the Settlement to the Settlement Class in accordance with the Notice Program, and are subject to further and final consideration at the Final Approval Hearing provided for below. In making this determination, the Court considered the fact that the Settlement is the product of arm's-length negotiations conducted by experienced and knowledgeable counsel, the current posture of the Action, the benefits of the Settlement to the Settlement Class, and the risk and benefits of continuing litigation to the Settling Parties and the Settlement Class.

8.    As provided for in the Settlement, if the Court does not grant final approval of the Settlement or if the Settlement is terminated or cancelled in accordance with its terms, then the Settlement, and the conditional certification of the Settlement Class for settlement purposes only provided for herein, will be vacated and the Action shall proceed as though the Settlement Class

had never been conditionally certified for settlement purposes only, with no admission of liability or merit as to any issue, and no prejudice or impact as to any party's position on the issue of class certification or any other issue in the case, including Defendants' right to move to compel arbitration.

## III. NOTICE OF THE SETTLEMENT TO THE SETTLEMENT CLASS

9.     The Court appoints Kroll Settlement Administration as the Settlement Administrator. The responsibilities of the Settlement Administrator are set forth in the Settlement Agreement.

10.     The Court has considered the Notice provisions of the Settlement, (the "Notice Program"), and the Long Notice and Summary Notice, attached as Exhibits B and C, respectively, of the Settlement. The Court finds that the direct mailing of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with applicable law and due process. The Court approves as to form and content the Notices attached as Exhibits B and C to the Settlement. The Court orders the Settlement Administrator to commence the Notice Program following entry of this Order in accordance with the terms of the Settlement.

11.     The Court approves as to form and content the Claim Form attached as Exhibit A to the Settlement.

12.     Settlement Class Members who qualify for and wish to submit a Claim Form under the Settlement shall do so in accordance with the requirements and procedures of the Settlement and the Claim Form under which they are entitled to seek relief.  The Claims deadline is 90 days after the date that notice is provided to the Settlement Class.  All Settlement Class Members who

fail to submit a claim in accordance with the requirements and procedures of the Settlement and respective Claim Form shall be forever barred from receiving any such benefit but will in all other respects be subject to and bound by the provisions of the Settlement and the releases contained therein.

## IV. REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS

13.    Each person wishing to opt out of the Settlement Class must sign and timely mail written notice of such intent to the designated address established by the Settlement Administrator. The written notice must clearly manifest an intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than 75 days after the date of entry of this Order.

14.    Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall neither receive any benefits of nor be bound by the terms of the Settlement.

15.    Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of the Settlement, including its releases, and all orders entered by the Court in connection therewith.

## V. OBJECTIONS

1.1    Each Settlement Class Member desiring to object to the settlement must submit a timely written notice of his or her objection. Such notice must include: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) a statement as to whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire class; (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any

legal support for the objection the objector believes applicable; (v) the identity of any counsel representing the objector; (vi) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (vii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objections and any documents to be presented or considered; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any).

16.    To be timely, written notice of an objection in appropriate form must be filed or mailed on or before 75 days after the date of entry of this Order with the Clerk of the United States District Court for the Western District of Texas, San Antonio Division, at the address where filings are accepted by the Clerk and, additionally, served concurrently therewith upon: (a) M. Anderson Berry, Clayeo C. Arnold, a Professional Law Corp., 865 Howe Avenue, Sacramento, CA 95825, (b) Gary M. Klinger, Mason Lietz & Klinger LLP, 5101 Wisconsin Avenue NW, Suite 305, Washington DC 20016, (c) Levi G. McCathern, McCathern Shokouhi Evans & Grinke, PLLC, 3710 Rawlins, Suite 1600, Dallas TX, 75219, and (d) Kevin M. O'Hagan, O'Hagan Meyer LLC, One E. Wacker Dr., Suite 3400, Chicago, IL, 60601.

17.    Unless otherwise ordered by the Court upon a showing of good cause, any Settlement Class Member who does not timely object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, including its releases, the Order and Judgment approving the Settlement, and Class Counsels' motion for award of attorneys' fees, costs, and expenses, and Named Plaintiff's service award.

## VI. THE FINAL FAIRNESS HEARING

18.     The Court will hold a Final Approval Hearing on [InsertHearingDate], at [InsertHearingTime] a.m., at the United States Courthouse, San Antonio Division, 262 West Nueva Street, Room 1-400, San Antonio, Texas 78207, to consider: (a) whether certification of the Settlement Class for settlement purposes only should be confirmed; (b) whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class; (c) the application by Class Counsel for an award of attorneys' fees, costs and expenses as provided for under the Settlement; (d) the application for a Named Plaintiffs service award as provided for under the Settlement; (e) whether the Release of Released Claims as set forth in the Settlement should be provided; (f) whether the Court should enter the [Proposed] Final Order and Judgment; and (g) ruling upon such other matters as the Court may deem just and appropriate. The Final Approval Hearing may, from time to time and without further notice to Settlement Class Members be continued or adjourned by order of the Court.

19.     No later than 90 days after Preliminary Approval, the Named Plaintiffs shall file their Motion for Final Approval of Class Action Settlement Agreement and for Award of Attorney's Fees, Costs, and Expenses, and Representative Plaintiffs Service Award. No later than 14 days prior to the Last Day to Object or Opt Out, Named Plaintiffs shall file their Reply Brief in Support of Motion for Final Approval of Class Action Settlement Agreement and for Award of Attorneys' Fees, Costs, and Expenses, and Named Plaintiffs Service Award, including as needed to respond to any valid and timely objections.

20.     The related time periods for events preceding the Final Approval Hearing are as follows:

| Event | Timing |
|-------|--------|
| CaptureRx provides the Claims Administrator with a list of Settlement Class Members | 10 Days after Preliminary Approval |
| Class Notice will be mailed to the Settlement Class | 24 Days after Preliminary Approval |
| Last Day to Object or Opt Out | 75 Days after the Preliminary Approval |
| Opening Papers in Support of Final Approval | 90 Days after Preliminary Approval |
| Final Approval Hearing | 105 Days after Preliminary Approval, or shortly thereafter |

21.     The existing stay of the Action shall remain in effect pending the Court's ruling on preliminary approval. Any action brought by a Settlement Class Member concerning a Released Claim shall be stayed pending final approval of the Settlement.

## VI. OTHER PROVISIONS

22.     Settlement Class Members are preliminarily enjoined from bringing any new alleged class actions asserting any Released Claims or maintaining any existing action to assert any Released Claims.


**IT IS SO ORDERED.**

By: _____
HON. ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

9