# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| *In re: CaptureRX Data Breach Litigation* | Master File No. 5:21-CV-00523-OLG |
| This Document Relates To: | |
| All Actions | |

**DECLARATION OF GARY M. KLINGER**
**IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION**
**FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,**
**PRELIMINARY CERTIFICATION, AND APPROVAL OF NOTICE PLAN**

I, Gary M. Klinger, being competent to testify, make the following declaration:

1.      I am currently a partner of the law firm Mason Lietz & Klinger LLP ("MLK"), which was founded in March 2020. I am one of the lead attorneys for Plaintiffs and seek appointment as Class Counsel for the proposed Settlement Class. I submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification, and Approval of Notice Plan. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

**MLK'S EXPERIENCE**

2.      The attorneys seeking to be named Settlement Class Counsel in this matter—MLK and The Arnold Law Firm—have extensive experience in class action litigation generally and data breach class actions.

3.      MLK Attorneys have served as Lead Counsel, Co-Counsel or Class Counsel on dozens of class actions ranging from defective construction materials, (i.e. defective radiant

heating systems, siding, shingles, and windows), to misrepresented and recalled products (e.g., dog food, prenatal vitamins), and environmental incidents (the Exxon Valdez, BP Oil Spill).[1]

4.      These cases include: *Hill's Pet Food MDL*,[2] where MLK currently serves as court-appointed Co-Lead Counsel, *Cox v. Shell Oil Co*., No. 18844, 1995 WL 775363 (Ch. Ct. Tenn., July 31, 1995) (defective polybutylene pipe; $950 million settlement); *Hobbie v. RCR Holdings, II, LLC*, No. 10-113, MDL No. 2047 (E.D. La. filed April 20, 2010) (354 unit condominium built with Chinese Drywall; settlement for complete remediation at cost of $300 million); *Adams v. Fed. Materials*, No.  5:05-CV-90-R, 2006 WL 3772065 (W.D. Ky. Dec. 19, 2006) (350 owners of commercial and residential property whose structures were built with defective concrete; $10.1 million settlement); *In re MI Windows & Doors Inc. Prod. Liab. Litig*., No. 2:12-MN-00001-DCN, MDL No. 2333, 2015 WL 4487734 (D.S.C. July 23, 2015) (defective windows; claims made settlement for over 1 million homes); *In re Synthetic Stucco Litig*., No. 5:96-CV-287-BR(2), 2004 WL 2881131 (E.D.N.C. May 11, 2004) (settlements with four EIFS Manufacturers for North Carolina homeowners valued at more than $50 million); *Posey v. Dryvit Sys., Inc*., No. 17,715-IV, 2002 WL 34249530 (Tenn. Cir. Ct. Oct. 1, 2002) (Co-Lead Counsel; national class action settlement provided cash and repairs to more than 7,000 claimants); *Galanti v. Goodyear Tire & Rubber Co.*, No. 03CV00209, 2004 WL 6033527 (D.N.J. Nov. 17, 2004) (Class counsel; defective radiant heating systems; $330 million settlement); and *In re Zurn Pex Prod. Liab. Litig.*, No. 08-MDL-1958, 2013 WL 716088 (D. Minn. Feb. 27, 2013) (Plaintiffs' Executive Committee; +$20 million claims made settlement).

---

[1] A copy of MLK's Firm Resume is attached hereto as <u>Exhibit A</u>.
[2] *In re Hill's Pet Nutrition,Inc. Dog Food Prods. Liab. Litg.*, MDL No. 2887, No. 2:19-md-02887 (D. Kan. Filed June 6, 2019).

5.      With respect to privacy cases, MLK is presently litigating more than fifty cases across the country involving violations of the TCPA, privacy violations, data breaches, and ransomware attacks.

6.      MLK also serves as Court-appointed Liaison Counsel in *In re U.S. Off. of Pers. Mgmt. Data Security Breach Litig.*, 266 F. Supp. 3d 1 (D.D.C. 2017).

7.      Attorneys at MLK were also Co-Lead Counsel in *In re Dep't of Veterans Aff. (VA) Data Theft Litig.*, No. 1:06-MC-00506, 2007 WL 7621261 (D.D.C. Nov. 16, 2007) (unlawful disclosure of PPI of 28.5 million military veterans and active-duty personnel; $20 million settlement fund) and court-appointed Lead Counsel in *In re Google Buzz Privacy Litig.*, No. C 10-00672 JW, 2011 WL 7460099 (N.D. Cal. June 2, 2011) ($10 million settlement fund in case arising for unauthorized disclosure or personal information).

8.      It is noteworthy that just in the time since Mason Lietz & Klinger's inception on March 14, 2020, I (either individually, or as a member of my firm) have been appointed class counsel in a number of data breach or data privacy cases, including, but not limited to, the following:

   a. *Baksh v. Ivy Rehab Network, Inc.*, Case No. 7:20-cv-01845-CS (S.D. N.Y.) (class counsel in a data breach class action settlement; final approval granted);

   b. *In re: GE/CBPS Data Breach Litigation*, 1:2020-cv-02903, Doc. 35 (S.D.N.Y.) (appointed co-lead counsel in nationwide class action);

   c. *Mowery et al. v. Saint Francis Healthcare System*, Case No. 1:20-cv-00013-SRC (E.D. Mo.) (appointed class counsel; final approval granted);

   d. *Chatelain et al. v. C, L and W PLLC d/b/a Affordacare Urgent Care Clinics*, Case No. 50742-A (42nd District Court for Taylor County, Texas) (appointed class counsel; settlement valued at over $7 million; final approval granted);

   e. *Jackson-Battle v. Navicent Health, Inc.*, Civil Action No. 2020-CV-072287 (Superior Court of Bibb County, Georgia) (Mr. Lietz appointed class counsel in data breach case involving 360,000 patients; final approval granted);

f.   *Bailey v. Grays Harbor County Public Hospital District et al.*, Case No. 20-2-00217-14 (Grays Harbor County Superior Court, State of Washington) (appointed class counsel in hospital data breach class action involving approximately 88,000 people; final approval granted);

g.   *Nelson, et al. v. Idaho Central Credit Union*, No. CV03-20-00831 (Bannock County, Idaho) (Mr. Klinger appointed co-lead counsel in data breach class action involving 17,000 class members; granted final approval of settlement valued at $3.3 million)

h.   *In Re: Canon U.S.A. Data Breach Litigation*, Master File No. 1:20-cv-06239-AMD-SJB (E.D.N.Y.) (Mr. Klinger appointed co-lead counsel);

i.   *Richardson v. Overlake Hospital Medical Center et al.*, Case No. 20-2-07460-8 SEA (King County Superior Court, State of Washington (Mr. Lietz, Mr. Klinger, and Ms. Perry appointed class counsel in data breach case; final approval granted);

j.   *Kenney et al. v. Centerstone of America, Inc. et al.*, Case No. 3:20-cv-01007-EJR (M.D. Tenn.) (Mr. Klinger appointed co-lead class counsel; final approval granted August 9, 2021);

k.   *Klemm et al. v. Maryland Health Enterprises, Inc. D/B/A Lorien Health Services,* C-03-CV-20-002899 (Circuit Court for Baltimore County, Maryland) (appointed Settlement Class Counsel, preliminary approval granted);

l.   *Martinez et al. v. NCH Healthcare System, Inc.,* Case No. 2020-CA-000996 (Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida) (final approval granted);

m.   *Suren et al. v. DSV Solutions, LLC*, Case No. 2021CH000037 (Circuit Court for the Eighteenth Judicial Circuit of DuPage County, Illinois) (Mr. Klinger appointed Settlement Class Counsel, final approval granted September 27, 2021);

n.   *Aguallo et al v. Kemper Corporation et al.,* Case No. 1:21-cv-01883 (N.D. Ill.) (Mr. Klinger appointed Settlement Class Counsel, preliminary approval granted of $17.1 million class settlement).

9.     Throughout my legal career, I, Gary M. Klinger, have personally resolved dozens of class action cases involving consumer and privacy statutes in state and federal courts across the country.

10.     I have been appointed by state and federal courts to act as Class Counsel for millions of consumers and recovered hundreds of millions of dollars for consumers throughout the country. Presently, I am lead or co-lead counsel in more than thirty (30) active class action lawsuits pending in state and federal courts across the country.

11.     Indeed, I recently obtained preliminary approval of a classwide settlement for a major data breach class action involving more than six million consumers. *See Carrera Aguallo v. Kemper Corp.*, Case No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) (where I, as appointed co-lead counsel, obtained preliminary approval of a $17.6 million settlement to resolve similar data breach class claims against Kemper Corporation in a case involving more than 6 million class members).

12.     I presently serve as one of two Court-appointed Lead Counsel in the data breach case *In re Canon U.S.A. Data Breach Litig.*, No. 1:20-cv-06239-AMD-SJB (S.D.N.Y. filed Dec. 23, 2020).

13.     I was also appointed Co-Lead Counsel in the data breach case of *In re: Herff Jones Data Breach Litigation*, Master File No. 1:21-cv-1329-TWP-DLP (S.D. Ind.), which involves more than one million class members and has settled on a class-wide basis.

14.     I was also recently as appointed co-lead counsel to represent more than 3 million class members in another major data breach class action in the Seventh Circuit. *See In re Arthur J. Gallagher Data Breach Litigation*, No. 1:21-cv-04056 (N.D. Ill.).

15.     On July 19, 2021, I was appointed by the Court in this matter to serve as co-lead counsel in this consolidated data breach litigation. *See* ECF No. 014.

16.     I have successfully litigated privacy class actions through class certification. In *Karpilovsky v. All Web Leads, Inc.*, No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. June 25,

2018), I certified, over objection, a nationwide privacy class action involving more than one million class members. *Id*.

17.    In a recent nationwide privacy class settlement hearing in the U.S. District Court for the Northern District of California, Judge Richard Seeborg personally commended me and co-counsel for "quite a substantial recovery for class members." See Exhibit B. Judge Seeborg further stated he could not recall any class action case where "the amounts going to each class member were as substantial" as that obtained by Mr. Klinger (and his co-counsel). *Id*.

18.    In addition to concentrating my practice on class action litigation involving consumer, privacy, and product liability matters, I also make substantial efforts to stay apprised of the current law on these issues. In recent years, I have attended various legal training seminars and conferences such as the dri™ conference for Class Actions, The Consumer Rights Litigation Conference and Class Action Symposium, as well as attended various seminars offered by Strafford on class action issues.

19.    I am also a member of the International Association of Privacy Professionals and a Certified Information Privacy Professional (CIPP/US).

20.    I graduated from the University of Illinois at Urbana-Champaign in 2007 (B.A. Economics), and from the University of Illinois College of Law in 2010 (J.D., cum laude). While at the U of I College of Law, I was a member of, and ultimately appointed as the Executive Editor for, the Illinois Business Law Journal. My published work includes: The U.S. Financial Crisis: Is Legislative Action the Right Approach? Ill. Bus. L. J. (Mar. 2, 2009).

21.    I became licensed to practice law in the State of Illinois in 2010, and am a member of the Trial Bar for the Northern District of Illinois as well as the U.S. Bankruptcy Court for the Northern District of Illinois. Additionally, I am admitted to practice in federal courts across the

country, including, but not limited to, the U.S. District Courts for the District of Colorado, the Central District of Illinois, the Northern District of Illinois, Northern District of Indiana, Southern District of Indiana, Eastern District of Michigan, and the Eastern District of Texas.

22.     My years of experience representing individuals in complex class actions—including data breach actions—contributed to an awareness of Plaintiffs' settlement leverage, as well as the needs of Plaintiffs and the proposed Settlement Class. I believe that our clients would ultimately prevail in the litigation on a class-wide basis. However, I am also aware that a successful outcome is uncertain and would be achieved, if at all, only after prolonged, arduous litigation of this complex Data Incident case, with the attendant risk of drawn-out appeals. The inherent uncertainty in litigation presents a risk to Plaintiffs of expending time and money on this case with the possibility of no recovery at all for the Class.

23.     The risks, expense, complexity, and likely duration of further litigation support preliminary approval of the Settlement.

24.     I believe that the Settlement is fair, reasonable, and adequate, and provides substantial benefits for Plaintiffs and Settlement Class Members.  I and Settlement Class Counsel firmly believe that this Settlement is in the best interests of Settlement Class Members.

**RELEVANT BACKGROUND**

The Consolidated Actions

25.     Shortly after the Data Incident in February 2021, Plaintiff Daisy Trujillo filed a Class Action Complaint against Defendants CaptureRx and Rite Aid[3] in this Court. ECF No. 1.

---

[3] The Trujillo Complaint named Rite Aid Corporation as a defendant; however, on July 20, 2021, the Court granted the parties' stipulation to substitute Defendant Rite Aid Hdqtrs. Corp. for Rite Aid Corporation, *See* ECF No. 16.

26.     On June 4, 2021, Plaintiff Mark Vereen filed a Class Action Complaint against Defendants CaptureRx and Midtown Health Center, Inc. ("Midtown"), also in this Court, *See* Compl., ECF No. 1, *Vereen v. NEC Networks, LLC, et al.*, No. 5:21-CV-00536-OLG (W.D. Tex.).

27.     On June 30, 2021, Plaintiffs Trujillo and Vereen moved to consolidate their two actions, as well as any subsequently filed or transferred related actions, before this Court. *See* ECF No. 11.

28.     On June 4, 2021, Plaintiff Mark Vereen filed a Class Action Complaint against Defendants CaptureRx and Midtown Health Center, Inc. ("Midtown"), also in this Court, alleging the same causes of action as the Trujillo Complaint. *See* Compl., ECF No. 1, *Vereen v. NEC Networks, LLC, et al.*, No. 5:21-CV-00536-OLG (W.D. Tex.).

29.     On June 30, 2021, Plaintiffs Trujillo and Vereen moved to consolidate their two actions, as well as any subsequently filed or transferred related actions, before this Court. *See* ECF No. 11.

30.     On July 21, 2021, Plaintiff Michelle Rodgers filed a Class Action Complaint against CaptureRx. *See* Compl., ECF No. 1, *Rodgers v. NEC Networks LLC*, No. 5:21-cv-00692-OLG-HJB (W.D. Tex.). This Court thereafter ordered that the *Rodgers* case be consolidated with *In Re: CaptureRx Data Breach Litigation*, Case No. 5:21-cv-00523-OLG (W.D. Tex.). *See* ECF No. 24.

31.     On October 20, 2021, Plaintiff Esther Burch filed a Class Action Complaint against Rite Aid in the Los Angeles Superior Court. *See* Compl., ECF No. 1-2, *Burch v. Rite Aid Corp.*, No: 5:21-cv-01102-OLG (W.D. Tex.). The parties stipulated to a transfer to the Western District of Texas, which occurred on November 10, 2021. *Id.* This Court thereafter ordered that the *Burch*

case consolidated with *In Re: CaptureRx Data Breach Litigation*, Case No. 5:21-cv-00523-OLG (W.D. Tex.). *See* ECF No. 29.

32.     On June 4, 2021, Plaintiff Echoe Camacho, on behalf of herself and her minor child, T.C., filed a Class Action Complaint in the Eastern District of California. *See* Compl., ECF No. 1, *Camacho, et al. v. NEC Networks, LLC, et al.*, No. 5:21-cv-00979-OLG (W.D. Tex.). The parties stipulated to a transfer to the Western District of Texas, which occurred on October 13, 2021. *Id.* This Court thereafter ordered that the *Camacho* case be consolidated with *In Re: CaptureRx Data Breach Litigation*, Case No. 5:21-cv-00523-OLG (W.D. Tex.). *See* ECF No. 31.

33.     On August 10, 2021, Plaintiff Angelica Mendoza brought a Class Action Complaint against CaptureRx, Rite Aid, and CHCC in the Northern District of California. *See* Compl., ECF No. 1, Mendoza v. NEC Networks, LLC, et al., No. 5:21-cv-01232-OLG (W.D. Tex.). The parties stipulated to a transfer to the Western District of Texas, which occurred on December 14, 2021. *Id*. This Court thereafter ordered that the Mendoza case be consolidated with *In Re: CaptureRx Data Breach Litigation*, Case No. 5:21-cv-00523-OLG (W.D. Tex.). *See* ECF No. 34.

34.     Plaintiff D.W. brought a Class Action Complaint against CaptureRx, and Walmart, Inc. on May 25, 2021 in the Western District of Missouri, alleging causes of action for (i) breach of implied contract; (ii) negligence; (iii) invasion of privacy by public disclosure of private facts; (iv) breach of fiduciary duty of confidentiality; (v) violations of the Missouri Merchandising Practices Act, Mo. Rev. State. §407.010 et seq.; (vi) negligent training and supervision; and, (vii) negligence *per se*. *See Compl.*, ECF No. 1, *D.W., et al. v. NEC Networks, LLC, et al.*, No. 4:21-cv-00363-SRB (W.D. Mo.).  The case filed in the Western District of Missouri is stayed pending resolution of the claims from the Texas Court.

35.     Plaintiff Mark Biddle brought a Class Action Complaint against CaptureRx, the University of Pittsburgh Medical Center, and Charles J. Hilton, P.C. Attorney at Law on June 23, 2021 in the Western District of Pennsylvania, alleging causes of action for negligence, negligence *per se*, invasion of privacy, violation of the Pennsylvania Breach of Personal Information Notification Act, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, and unjust enrichment.  *See Compl.*, ECF No. 2, *Biddle v. The University of Pittsburgh Medical Center, et al.*, No. 2:21-cv-00815-RJC (W.D. Pa.).  On December 9, 2021, Plaintiff Biddle filed a notice of settlement. *See* ECF No. 29.

36.     During the pendency of the above-identified actions, a plaintiff in a related case in the Western District of Missouri filed a motion under 28 U.S.C. § 1407 to centralize all litigation in the Western District of Missouri. *See* Order Den. Transfer, ECF No. 73, *In Re: NEC Networks, LLC d/b/a CaptureRx Customer Data Security Breach Litig.,* MDL No. 3018 (JPML Dec. 8, 2021). The Judicial Panel on Multidistrict Litigation denied the motion to centralize the litigation, holding that "[c]entralization at this time is premature and could delay a class-wide settlement with little or no benefit to the parties and putative class members." *Id.* at 2.

37.     The Settlement that is the subject of the Motion for Preliminary Approval pending in this Court will resolve all of the claims in the related cases now pending in other Districts.

38.     This case is settling in its early stages; if the Settlement is not approved, the parties will likely need to litigate through multiple dispositive motions and a motion for class certification.

The Settlement Negotiations

39.     Before filing their respective Complaints, MLK, as well as other Plaintiffs' counsel, investigated the potential claims against Defendants, interviewed potential plaintiffs, and gathered information about the Data Incident and its potential impact on consumers.

40.     Before Defendants could respond to the Complaint(s), the centralization litigation discussed above was initiated, and counsel devoted resources to litigating the consolidation motion before the JPML while at the same time arranging a mediation session with CaptureRx.

41.     The parties participated in a global mediation—where all counsel were invited to attend—on November 3, 2021, with the Hon. Wayne Andersen, a retired federal judge and experienced class action mediator, to explore whether a negotiated resolution was possible.

42.     In advance of the mediation, CaptureRx provided settlement discovery to Plaintiffs' counsel regarding the scope of the Data Incident, the number of class members, remedial efforts and the limited funds it has to resolve the many claims asserted against it.

43.     The parties also exchanged lengthy mediation briefs in advance of the mediation.

44.     The litigation did not resolve at the global mediation session. However, Judge Andersen and counsel engaged in numerous follow-up telephonic efforts to resolve this matter, which ultimately resulted in the material terms of the Settlement.

45.     The parties thereafter spent significant time negotiating the specific terms and language of the Settlement Agreement through numerous phone calls and email exchanges.

46.     Co-counsel and I were able to draw on our previous experiences in similar data-breach class action litigation to weigh the Settlement's adequacy in relation to the probability of success on the merits if the litigation were to continue.

47.     The resulting negotiated Settlement Agreement is now before this Court for preliminary approval.

The Proposed Settlement

48.     The terms of the Settlement approximate the rewards the Class likely would have received following a successful trial. The proposed Settlement is fair and well within the range of preliminary approval.

49.     The benefits Class will receive if the Settlement is approved represent a highly favorable compromise that balances the merits of Plaintiffs' claims and the likelihood of succeeding at trial and on appeal with the attendant risks.

50.     The matter of attorneys' fees was not negotiated in conjunction with the Settlement Agreement, but left for a separate determination by the Court.

51.     Representative Plaintiffs and Class Counsel have adequately represented the Settlement Class. Plaintiffs have no conflicts of interest with other Settlement Class Members, are subject to no unique defenses, and they and their counsel have vigorously prosecuted and continue to vigorously prosecute this case on behalf of the Settlement Class.

52.     Further, Settlement Class Counsel are experienced in the successful litigation and settlement of class action litigation, including data privacy cases, as described above. Our firm and the other Settlement Class Counsel are collectively highly experienced in class action litigation and were well positioned to evaluate the strengths and weaknesses of continued litigation, as well as the reasonableness of the Settlement.

*        *        *        *        *        *        *        *        *        *        *        *        *

I declare under penalty of perjury of the laws of the State of Illinois and the United States that the foregoing is true and correct, and that this declaration was executed in Chicago, Illinois. on this 11th day of February 2022.

/s/ Gary M. Klinger

Gary M. Klinger
**MASON LIETZ & KLINGER LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, D.C. 20016
Phone: (202) 429-2290
gklinger@masonllp.com

*Attorney for Plaintiffs and the Class*

# <u>EXHIBIT A</u>



# FIRM RESUME

With offices in Washington, D.C., and Chicago, Illinois, Mason Lietz & Klinger LLP is dedicated to representing plaintiffs in class actions, mass torts and individual actions in courts throughout the United States.

## ATTORNEY PROFILES

**Gary E. Mason**
**Managing Partner**

Gary is a nationally recognized leader of the class action bar. Focusing on consumer class actions and mass torts, Gary has recovered more than $1.5 billion in the 30 years he has represented plaintiffs.

With his broad experience, Gary is nationally known for representing consumers in class actions involving a wide range of defective products, including Chinese drywall, fire retardant plywood, polybutylene pipe, high-temperature plastic venting, hardboard siding, pharmaceutical products, consumer electronics and automobiles.

Gary has served in leadership positions in many consumer class actions in State and Federal Courts nationwide as well as in Multi-District Litigation. Gary writes and speaks frequently on topics related to class action litigation.  He was the 2012-2013 Co-Chair of the Class Action Litigation group for the American Association for Justice. He has repeatedly been named as a Washington, DC Superlawyer for Class Actions.

Gary also serves as Executive Director and President of the Board of Directors of The Bethesda Blues and Jazz Foundation.

Gary graduated magna cum laude, Phi Beta Kappa, from Brown University in 1984 and earned his law degree from Duke University Law School. He then clerked for the Honorable Andrew J. Kleinfeld, U.S. District Court Judge, in Anchorage, Alaska.  Gary is admitted to practice law in Washington, D.C, New York and Maryland.  He is a member of the Bar of the United States Supreme Court and numerous federal Courts of Appeals and District Courts across the country.

**David Lietz**
**Partner**

David Lietz's practice concentrates in the areas of complex civil litigation, consumer class actions, and mass torts in federal and state courts nationwide.  His class action experience includes a wide range of subject matters, including violations of federal consumer protection laws (such as the FDCPA and TCPA), violations of state consumer protection law, defective products, wage abuse, and data privacy. Mass tort experience includes pharmaceutical litigation.

David also has decades of experience as a trial lawyer, representing plaintiffs in complex actions involving wrongful death and critical injury.  Through both trials and settlement, he has recovered millions and millions of dollars for the victims of commercial trucking accidents,

commercial airplane crashes, bus crashes, manufacturing and power plant explosions and fires, and construction related injuries and deaths.

David's practice includes appellate work, having briefed and argued multiple cases before federal appellate courts, including *Home Depot v. Jackson* at the Fourth Circuit. David then served as part of the winning brief-writing and oral advocacy team for Home Depot v. Jackson at the United States Supreme Court.

David holds an AV rating from the Martindale-Hubbell Law Directory, an honor he has held since 1998. He is listed in the Bar Register of Preeminent Lawyers, Washington D.C. & Baltimore's Top Rated Lawyers, 2012 - 2015 edition, and has a Martindale-Hubbell Client Distinction Award.

Outside of the law, David served for 12 years on the Board of Regents of his alma mater, Luther College, and was appointed Regent Emeritus in 2017. He was a member of the Luther College Presidential Search Committee, and received the Luther College Distinguished Service Award in 2018.

David received his undergraduate degree in Political Science from Luther College in 1988, where he graduated with honors. He received his J.D. from the Georgetown University Law Center in 1991. He is admitted to practice law in the District of Columbia, and is admitted to practice before a number of federal district and appellate courts.


**Gary M. Klinger**
**Partner**

Gary is a natural competitor and relishes the challenge of being a litigator. He is a tenacious and dedicated advocate of his client's interests and welcomes every opportunity to help them prevail in complex, high-stakes litigation.

Gary represents clients in class actions involving wide-ranging theories of liability including consumer fraud, breach of contract, privacy violations, conspiracy, violation of the antitrust laws, and other torts. He has been appointed as class counsel to millions of consumers across the country. Gary has recovered tens of millions of dollars for consumers in class action settlements.

Prior to forming Mason Lietz & Klinger LLP, Gary was an attorney at one of the premier litigation firms in Chicago where he focused on class action litigation. Gary has successfully represented clients from pre-litigation disputes through trials and appeals in federal and state jurisdictions throughout the country.

Gary is a graduate of the University of Illinois where he received both his undergraduate and law degrees. He is licensed to practice in Illinois and numerous federal district courts across the country.

**Danielle L. Perry**
**Partner**

Danielle's primary focus is in protecting employee and consumer rights through class action lawsuits.

Danielle graduated from the University of California, Berkeley in 2010 with a Bachelor of Arts in Peace and Conflict Studies. During her undergraduate studies, she managed and rowed for the university's Lightweight Crew Team and also spent a year in Budapest, Hungary, where she interned with the Helsinki Committee, an international human rights organization. Danielle went on to attend Loyola Law School, where she was on the Board of the Public Interest Law Foundation and headed efforts to promote alternative dispute resolution, including founding a club structured to inform students of developments in mediation and working at The Center for Conflict Resolution.

During law school, she held an externship as a law clerk for the Honorable Victoria Chaney of the California Court of Appeals, worked with the Labor Division of the Los Angeles Office of the City Attorney, and was a Board Member for the Public Interest Law Foundation.

Prior to joining Mason Lietz & Klinger, Danielle practiced at a plaintiffs' class action firm in Los Angeles, where she worked as an advocate for victims of wage theft–employees who were being deprived of pay and not provided with legally required meal and rest periods. Danielle spent much of her time working on lawsuits brought to recover lost wages and penalties for banking, manufacturing, retail, property management, and trucking industry employees.

Danielle is a member of the American Association for Justice and regularly volunteers as an advising attorney at the Employment Justice Center.

## NOTABLE CLASS ACTION CASES LITIGATED BY MLK ATTORNEYS

### Antitrust

*In re: TFT-LCD (Flat Panel) Antitrust Litigation,* No. 3:07-cv-01827, MDL No. 1827 (N.D. Cal.) (combined settlement totaling nearly $1.1 billion in suit alleging the illegal formation of an international cartel to restrict competition in the LCD panel market) (2012).

### Appliances

*Ersler, et. al v. Toshiba America et. al*, No. 07- 2304 (D.N.J.) (settlement of claims arising from allegedly defective television lamps) (2009).

*Maytag Neptune Washing Machines* (class action settlement for owners of Maytag Neptune washing machines).

*Stalcup, et al. v. Thomson, Inc.* (Ill. Cir. Ct.) ($100 million class settlement of clams that certain GE, PROSCAN and RCA televisions may have been susceptible to temporary loss of audio when receiving broadcast data packages that were longer than reasonably anticipated or specified) (2004).

*Hurkes Harris Design Associates, Inc., et al. v. Fujitsu Computer Prods. of Am., Inc.*  (settlement provides $42.5 million to pay claims of all consumers and other end users who bought certain Fujitsu Desktop 3.5" IDE hard disk drives) (2003).

*Turner v. General Electric Company*, No. 2:05-cv-00186 (M.D. Fla.) (national settlement of claims arising from allegedly defective refrigerators) (2006).

## Automobiles

*In re General Motors Corp. Speedometer Prods. Liability Litig.,* MDL 1896 (W.D. Wash.) (national settlement for repairs and reimbursement of repair costs incurred in connection with defective speedometers) (2007).

*Baugh v. The Goodyear Tire & Rubber Company* (class settlement of claims that Goodyear sold defective tires that are prone to tread separation when operated at highway speeds;  Goodyear agreed to provide a combination of both monetary and non-monetary consideration to the Settlement Class in the form of an Enhanced Warranty Program and Rebate Program) (2002).

*Lubitz v. Daimler Chrysler Corp.,* No. L-4883-04 (Bergen Cty. Super. Ct, NJ 2006) (national settlement for repairs and reimbursement of repair costs incurred in connection with defective brake system; creation of $12 million fund; 7th largest judgment or settlement in New Jersey) (2007).

*Berman et al. v. General Motors LLC,* Case No. 2:18-cv-14371 (S.D. Fla.) (Co-Lead Counsel; national settlement for repairs and reimbursement of repair costs incurred in connection with Chevrolet Equinox excessive oil consumption).

## Civil Rights

*In re Black Farmers Discrimination Litigation*, Case No. 1:08-mc-00511 (D.D.C.) ($1.25 billion settlement fund for black farmers who alleged U.S. Department of Agriculture discriminated against them by denying farm loans) (2013).

*Bruce, et. al. v. County of Rensselaer et. al.,* Case No. 02-cv-0847 (N.D.N.Y.) (class settlement of claims that corrections officers and others employed at the Rensselaer County Jail (NY) engaged in the practice of illegally strip searching all individuals charged with only misdemeanors or minor offenses) (2004).

## Commercial

*In re: Outer Banks Power Outage Litigation,* 4:17-cv-141 (E.D.N.C) (Co-Lead Counsel; $10.35 million settlement for residents, businesses, and vacationers on Hatteras and Ocracoke Islands who were impacted by a 9-day power outage) (2018)

## **Construction Materials**

*Cordes et al v. IPEX, Inc.*, No. 08-cv-02220-CMA-BNB (D. Colo.) (class action arising out of defective brass fittings; court-appointed member of Plaintiffs' Steering Committee) (2011).

*Elliott et al v. KB Home North Carolina Inc. et al* 08-cv-21190 (N.C. Super. Ct. Wake County) (Lead Counsel; class action settlement for those whose homes were constructed without a weather-resistant barrier)(2017)

*In re: Pella Corporation Architect and Designer Series Windows Marketing, Sales Practices and Products Liability Litigation,* MDL No. 2514 (D.S.C.)(class action arising from allegedly defective windows; Court-appointed Co-Lead Counsel).

*In re MI Windows and Doors, Inc., Products Liability Litigation*, MDL No. 2333 (D.S.C) (National class action settlement for homeowners who purchased defective windows; Court-appointed Co-Lead Counsel).

*In re: Atlas Roofing Corporation Chalet Shingle Products Liability Litig.*, MDL No. 2495 (N.D. Ga.) (class action arising from allegedly defective shingles; Court-appointed Co-Lead Counsel).

*Helmer et al. v. Goodyear Tire & Rubber Co.*, No. 12-cv-00685-RBJ (D. Colo. 2012) (class action arising from allegedly defective radiant heating systems; Colorado class certified, 2014 WL 3353264, July 9, 2014)).

*In re: Zurn Pex Plumbing Products Liability Litigation*, No. o:08-md-01958, MDL No. 1958 (D. Minn.) (class action arising from allegedly plumbing systems; member of Executive Committee; settlement) (2012).

*Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 , MDL No. 2047 (E.D. La.) ($30 million settlement for remediation of 364 unit residential high-rise constructed with Chinese drywall) (2012).

*In re: Chinese Manufactured Drywall Products Liability Litigation,* No. 2:09-md-02047, MDL No. 2047 (E.D. La.) (litigation arising out of defective drywall) (appointed Co-Chair, Insurance Committee) (2012).

*Galanti v. Goodyear Tire & Rubber Co.*, No. 03-209 (D.N.J. 2003) (national settlement and creation of $330 million fund for payment to owners of homes with defective radiant heating systems) (2003).

*In re Synthetic Stucco Litig.,* Civ. Action No. 5:96-CV-287-BR(2) (E.D.N.C.) (member of Plaintiffs' Steering Committee; settlements with four EIFS Manufacturers for North Carolina homeowners valued at more than $50 million).

*In re Synthetic Stucco (EIFS) Prods. Liability Litig.,* MDL No. 1132 (E.D.N.C.) (represented over 100 individuals homeowners in lawsuits against homebuilders and EIFS manufacturers).

*Posey, et al. v. Dryvit Systems, Inc.,* Case No. 17,715-IV (Tenn. Cir. Ct) (Co-Lead Counsel; national class action settlement provided cash and repairs to more than 7,000 claimants) (2002).

*Sutton, et al. v. The Federal Materials Company, Inc., et al,* No. 07-CI-00007 (Ky. Cir. Ct) (Co-Lead Counsel; $10.1 million class settlement for owners of residential and commercial properties constructed with defective concrete).

*Staton v. IMI South, et al.* (Ky. Cir. Ct.) ((Co-Lead Counsel; class settlement for approximately $30 million for repair and purchase of houses built with defective concrete).

*In re Elk Cross Timbers Decking Marketing, Sales Practices and Products Liability Litigation*, No. 15-cv-0018, MDL No. 2577 (D.N.J.) (Lead Counsel; national settlement to homeowners who purchased defective GAF decking and railings).

*Bridget Smith v. Floor and Decor Outlets of America, Inc*., No. 1:15-cv-4316 (N.D. Ga.) (Co-Lead Counsel; National class action settlement for homeowners who purchased unsafe laminate wood flooring).

*In re Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation* MDL No. 1:15-md-2627 (E.D.Va.) (Formaldehyde case; $36 million national class action settlement for member who purchased a certain type of laminate flooring).

*In re Lumber Liquidators Chinese-Manufactured Laminate Flooring Durability Marketing, Sales Practices Litigation* MDL No. 1:16-md-2743 (E.D.Va.) (Co-Lead Counsel; Durability case; $36 million national class action settlement for member who purchased a certain type of laminate flooring).

*In re Windsor Wood Clad Window Products Liability Litigation* MDL No. 2:16-md-02688 (E.D. Wis.) (National class action settlement for homeowners who purchased defective windows; Court-appointed Lead Counsel).

*In re Allura Fiber Cement Siding Products Liability Litigation* MDL No. 2:19-md-02886 (D.S.C.) (class action arising from allegedly defective cement board siding; Court-appointed Lead Counsel).

## Environmental

*Nnadili, et al. v. Chevron U.S.A., Inc*, No. 02-cv-1620 (D.D.C.) ($6.2 million settlement for owners and residents of 200 properties located above underground plume of petroleum from former Chevron gas station) (2008).

*In re Swanson Creek Oil Spill Litigation*, No. 00-1429 (D. Md.) (Lead Counsel; $2.25 million settlement of litigation arising from largest oil spill in history of State of Maryland) (2001).

## Fair Labor Standards Act/Wage and Hour

*Craig v. Rite Aid Corporation*, Civil No. 08-2317 (M.D. Pa.) (FLSA collective action and class action settled for $20.9 million) (2013).

*Stillman v. Staples, Inc.,* Civil No. 07-849 (D.N.J. 2009) (FLSA collective action, plaintiffs' trial verdict for $2.5 million; national settlement approved for $42 million) (2010).

*Lew v. Pizza Hut of Maryland, Inc.*, Civil No. CBB-09-CV-3162 (D. Md.) (FLSA collective action, statewide settlement for managers-in-training and assistant managers, providing recompense of 100% of lost wages) (2011).

## Food  and Drug Misrepresentation

*Smid et al. v. Nutranext, LLC*, No. 20L0190 (St. Clair Ctuy., Ill., 2020) ($6.7 million settlement)

*In re Hill's Pet Nutrition, Inc. Dog Food Prods. Liab. Litg.*, MDL No. 2887, No. 2:19-md-02887 (D. Kan. filed June 6, 2019) (Court-appointed Co-Lead Counsel)

## Financial

*Roberts v. Fleet Bank (R.I.), N.A.*, Civil Action No. 00-6142 (E. D. Pa. 2003) ($4 million dollar settlement on claims that Fleet changed the interest rate on consumers' credit cards which had been advertised as "fixed.").

*Penobscot Indian Nation et al v United States Department of Housing and Urban Development*, N. 07-1282 (PLF) (D.D.C. 2008) (represented charitable organization which successfully challenged regulation barring certain kinds of down-payment assistance; Court held that HUD's promulgation of rule violated the Administrative Procedure Act),

## Insurance

*Young, et al.  v. Nationwide Mut. Ins. Co, et al*., No. 11-5015 (E.D. Ky. 2014) (series of class actions against multiple insurance companies arising from unlawful collection of local taxes on premium payments; class certified and affirmed on appeal, 693 F.3d 532 (6th Cir., 2012); settlements with all defendants for 100% refund of taxes collected).

*Nichols v. Progressive Direct Insurance Co., et al*., No. 2:06cv146 (E.D. Ky. 2012) (Class Counsel; class action arising from unlawful taxation of insurance premiums; statewide settlement with Safe Auto Insurance Company and creation of $2 million Settlement Fund; statewide settlement with Hartford Insurance Company and tax refunds of $1.75 million )

**Privacy/Data Breach**

*In Re: U.S. Office of Personnel Management Data Security Breach Litigation*, No. 15-1393 (ABJ), MDL No. 2664 (D.D.C.) (court appointed interim Liaison Counsel).

*In re Google Buzz Privacy Litigation,* No. 5:10-cv-00672 (N.D. Cal. 2010) (court-appointed Lead Class Counsel; $8.5 million cy pres settlement).

*In re: Dept. of Veterans Affairs (VA) Data Theft Litig.,* No. 1:2006-cv-00506, MDL 1796 (D.D.C. 2009) (Co-Lead counsel representing veterans whose privacy rights had been compromised by the theft of an external hard drive containing personal information of approximately 26.6 million veterans and their spouses; creation of a $20 million fund for affected veterans and a cy pres award for two non-profit organizations).

*In re: Adobe Systems Inc. Privacy Litigation,* No. 5:13-cv-05226 (N.D. Cal. 2015) (settlement requiring enhanced cyber security measures and audits).