**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| ***IN RE: CAPTURERX DATA BREACH LITIGATION*** <br><br> THIS DOCUMENT RELATES TO: <br><br> **ALL ACTIONS** | Master File No. 5:21-cv-00523-OLG <br><br> Assigned for All Purposes to: <br> Judge Orlando L. Garcia <br><br> **CLASS ACTION** <br><br> [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND CONDITIONALLY CERTIFYING SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY <br><br> Complaint Filed:   08/13/21 <br> Trial Date:          Not Yet Set <br><br> **DEMAND FOR JURY TRIAL** |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AGREEMENT AND CONDITIONALLY
CERTIFYING SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY**

WHEREAS, Plaintiff Daisy Trujillo filed the first action consolidated in the above styled action on June 2, 2021;

WHEREAS, Plaintiff Mark Vereen filed the second action consolidated in the above styled action on June 4, 2021;

WHEREAS, Plaintiffs Trujillo and Vereen moved this Court to consolidate their two actions as well as any subsequently filed or transferred related actions on June 30, 2021.

WHEREAS, Plaintiffs Trujillo and Vereen thereafter, on August 13, 2021 filed a Consolidated Class Action Complaint against Defendants CaptureRx and RiteAid.

1

WHEREAS, Plaintiff Michelle Rodgers filed the third action consolidated in the above styled action on July 21, 2021.

WHEREAS, Plaintiff Echoe Camacho, on behalf of herself and her minor child, T.C., filed the fifth action consolidated in the above styled action on June 4, 2021 in the Eastern District of California and the parties stipulated to a transfer to this Court on October 13, 2021.

WHEREAS, Plaintiff Angelica Mendoza filed the sixth action consolidated in the above styled action on August 10, 2021 in the Northern District of California and the parties stipulated to a transfer to this Court on December 14, 2021.

WHEREAS, Plaintiffs Daisy Trujillo, Mark Vereen, Michelle Rodgers, Mark Biddle, Donald Woodrome, Echoe Camacho, on behalf of herself and her minor child, T.C., and Angelica Mendoza, ("Named Plaintiffs"), individually and on behalf of themselves and the proposed Settlement Class (defined below), and Defendant CaptureRx ("Defendant") (collectively, the "Settling Parties"), have entered into a Settlement Agreement (the "Settlement") resolving the Action, subject to Court approval;

WHEREAS, the Action was settled as a result of arm's-length negotiations, investigation and informal discovery sufficient to permit counsel and the Court to act knowingly, and counsel are experienced in similar litigation; and

WHEREAS, Named Plaintiffs, the Proposed Class Representatives, have moved the Court for entry of an order preliminarily approving the Settlement, conditionally certifying the Settlement Class for settlement purposes only, and approving the form and method of notice upon the terms and conditions set forth in the Settlement, together with all exhibits thereto.

WHEREAS, the Court having considered the Settlement, together with all exhibits thereto and records in this case, and the arguments of counsel and for good cause appearing, hereby orders as follows:

## I. CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

1.      Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement and Conditionally Certifying Settlement Class for Settlement Purposes Only is GRANTED. The terms defined in the Settlement shall have the same meaning in this Order.

2.      Having made the finding set forth below, the Court conditionally certifies the following Nationwide Settlement Class and California Settlement Subclass (collectively, the "Settlement Class") for settlement purposes only:

> The Nationwide Settlement Class: All natural persons residing in the United States whose Personal Information was exposed to an unauthorized party as a result of the Data Incident.

> The California Settlement Subclass: All natural persons residing in the State of California at the time of the Data Incident whose Personal Information (a) Defendant stored and/or shared in its electronic files and (b) was exposed to an unauthorized party as a result of the data breach announced between March 30 and April 7, 2021 and that occurred on February 6, 2021.

3.      Excluded from the Settlement Class are the Court, the officers and directors of Defendant, persons who have been separately represented by an attorney and entered into a separate settlement agreement in connection with the Data Breach, and persons who timely and validly request exclusion.

4.      For settlement purposes only, with respect to the Settlement Class, the Court preliminary finds the prerequisites for a class action pursuant to Federal Rule 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact

3

common to all Settlement Class members predominate over any potential individual questions; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiffs and proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy.

5.      The Court hereby appoints Named Plaintiffs Daisy Trujillo, Mark Vereen, Michelle Rodgers, Mark Biddle, Donald Woodrome, Echoe Camacho, on behalf of herself and her minor child, T.C., and Angelica Mendoza, as the Class Representatives for the Settlement Class.

6.      The Court hereby appoints M. Anderson Berry of Clayeo C. Arnold, A Professional Law Corp.; and Gary M. Klinger of Mason, Lietz & Klinger, LLP as Class Counsel.

## II. PRELIMINARY APPROVAL

7.      The terms of the Settlement, including its proposed releases, are preliminarily approved as within the range of fair, reasonable, and adequate, and are sufficient to warrant providing notice of the Settlement to the Settlement Class in accordance with the Notice Program, and are subject to further and final consideration at the Final Approval Hearing provided for below. In making this determination, the Court considered the fact that the Settlement is the product of arm's-length negotiations conducted by experienced and knowledgeable counsel, the current posture of the Action, the benefits of the Settlement to the Settlement Class, and the risk and benefits of continuing litigation to the Settling Parties and the Settlement Class.

8.      As provided for in the Settlement, if the Court does not grant final approval of the Settlement or if the Settlement is terminated or cancelled in accordance with its terms, then the Settlement, and the conditional certification of the Settlement Class for settlement purposes only provided for herein, will be vacated and the Action shall proceed as though the Settlement Class

had never been conditionally certified for settlement purposes only, with no admission of liability or merit as to any issue, and no prejudice or impact as to any party's position on the issue of class certification or any other issue in the case, including Defendants' right to move to compel arbitration.

## III. NOTICE OF THE SETTLEMENT TO THE SETTLEMENT CLASS

9.      The Court appoints Kroll Settlement Administration as the Settlement Administrator. The responsibilities of the Settlement Administrator are set forth in the Settlement Agreement.

10.     The Court has considered the Notice provisions of the Settlement, (the "Notice Program"), and the Long Notice and Summary Notice, attached as Exhibits B and C, respectively, of the Settlement. The Court finds that the direct mailing of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with applicable law and due process. The Court approves as to form and content the Notices attached as Exhibits B and C to the Settlement. The Court orders the Settlement Administrator to commence the Notice Program following entry of this Order in accordance with the terms of the Settlement.

11.     The Court approves as to form and content the Claim Form attached as Exhibit A to the Settlement.

12.     Settlement Class Members who qualify for and wish to submit a Claim Form under the Settlement shall do so in accordance with the requirements and procedures of the Settlement and the Claim Form under which they are entitled to seek relief.  The Claims deadline is 90 days after the date that notice is provided to the Settlement Class.  All Settlement Class Members who

fail to submit a claim in accordance with the requirements and procedures of the Settlement and respective Claim Form shall be forever barred from receiving any such benefit but will in all other respects be subject to and bound by the provisions of the Settlement and the releases contained therein.

## IV. REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS

13.     Each person wishing to opt out of the Settlement Class must sign and timely mail written notice of such intent to the designated address established by the Settlement Administrator. The written notice must clearly manifest an intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than 75 days after the date of entry of this Order.

14.     Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall neither receive any benefits of nor be bound by the terms of the Settlement.

15.     Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of the Settlement, including its releases, and all orders entered by the Court in connection therewith.

## V. OBJECTIONS

1.1     Each Settlement Class Member desiring to object to the settlement must submit a timely written notice of his or her objection. Such notice must include: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) a statement as to whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire class; (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any

legal support for the objection the objector believes applicable; (v) the identity of any counsel representing the objector; (vi) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; (vii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objections and any documents to be presented or considered; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any).

16.     To be timely, written notice of an objection in appropriate form must be filed or mailed on or before 75 days after the date of entry of this Order with the Clerk of the United States District Court for the Western District of Texas, San Antonio Division, at the address where filings are accepted by the Clerk and, additionally, served concurrently therewith upon: (a) M. Anderson Berry, Clayeo C. Arnold, a Professional Law Corp., 865 Howe Avenue, Sacramento, CA 95825, (b) Gary M. Klinger, Mason Lietz & Klinger LLP, 5101 Wisconsin Avenue NW, Suite 305, Washington DC 20016, (c) Levi G. McCathern, McCathern Shokouhi Evans & Grinke, PLLC, 3710 Rawlins, Suite 1600, Dallas TX, 75219, and (d) Kevin M. O'Hagan, O'Hagan Meyer LLC, One E. Wacker Dr., Suite 3400, Chicago, IL, 60601.

17.     Unless otherwise ordered by the Court upon a showing of good cause, any Settlement Class Member who does not timely object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, including its releases, the Order and Judgment approving the Settlement, and Class Counsels' motion for award of attorneys' fees, costs, and expenses, and Named Plaintiff's service award.

## VI. THE FINAL FAIRNESS HEARING

18.     The Court will hold a Final Approval Hearing on [InsertHearingDate], at [InsertHearingTime] a.m., at the United States Courthouse, San Antonio Division, 262 West Nueva Street, Room 1-400, San Antonio, Texas 78207, to consider: (a) whether certification of the Settlement Class for settlement purposes only should be confirmed; (b) whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class; (c) the application by Class Counsel for an award of attorneys' fees, costs and expenses as provided for under the Settlement; (d) the application for a Named Plaintiffs service award as provided for under the Settlement; (e) whether the Release of Released Claims as set forth in the Settlement should be provided; (f) whether the Court should enter the [Proposed] Final Order and Judgment; and (g) ruling upon such other matters as the Court may deem just and appropriate. The Final Approval Hearing may, from time to time and without further notice to Settlement Class Members be continued or adjourned by order of the Court.

19.     No later than 90 days after Preliminary Approval, the Named Plaintiffs shall file their Motion for Final Approval of Class Action Settlement Agreement and for Award of Attorney's Fees, Costs, and Expenses, and Representative Plaintiffs Service Award. No later than 14 days prior to the Last Day to Object or Opt Out, Named Plaintiffs shall file their Reply Brief in Support of Motion for Final Approval of Class Action Settlement Agreement and for Award of Attorneys' Fees, Costs, and Expenses, and Named Plaintiffs Service Award, including as needed to respond to any valid and timely objections.

20.     The related time periods for events preceding the Final Approval Hearing are as follows:

| Event | Timing |
|---|---|
| CaptureRx provides the Claims Administrator with a list of Settlement Class Members | 10 Days after Preliminary Approval |
| Class Notice will be mailed to the Settlement Class | 24 Days after Preliminary Approval |
| Last Day to Object or Opt Out | 75 Days after the Preliminary Approval |
| Opening Papers in Support of Final Approval | 90 Days after Preliminary Approval |
| Final Approval Hearing | 105 Days after Preliminary Approval, or shortly thereafter |

21.     The existing stay of the Action shall remain in effect pending the Court's ruling on preliminary approval. Any action brought by a Settlement Class Member concerning a Released Claim shall be stayed pending final approval of the Settlement.

## VI. OTHER PROVISIONS

22.     Settlement Class Members are preliminarily enjoined from bringing any new alleged class actions asserting any Released Claims or maintaining any existing action to assert any Released Claims.

**IT IS SO ORDERED.**

By: _____
HON. ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE