Case 5:21-cv-00523-OLG   Document 49   Filed 06/23/22   Page 1 of 15

FILED
June 23, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
                      DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| *In re: CaptureRX Data Breach Litigation*<br><br>This Document Relates To:<br><br>All Actions | Master File No. 5:21-CV-00523-OLG |

# FINAL APPROVAL ORDER AND JUDGMENT

On March 3, 2022, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (Doc. 42) of the settlement (the "Settlement") between Plaintiffs Daisy Trujillo, Mark Vereen, Michelle Rodgers, Echoe Camacho, on behalf of herself and her minor child, T.C., and Angelica Mendoza ("Plaintiffs"), on their own behalf and on behalf of the Settlement Class (as defined below), and Defendants NEC Networks, LLC d/b/a/ CaptureRx ("CaptureRx") and Rite Aid Hdqtrs. Corp. ("Rite Aid") (collectively "Defendants"), as memorialized in the Settlement Agreement, which is Exhibit 1 (Doc. 41-1) to Plaintiffs' Motion and Memorandum for Preliminary Approval of Class Action Settlement and Certification of Settlement Class.[1]

On March 28, 2022, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meanings as defined in the Settlement Agreement except as may otherwise be indicated.

the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a final approval hearing.

On June 23, 2022, the Court held a final approval hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the final approval hearing, Class Counsel filed with the Court the settlement administrator's declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and costs to Class Counsel, and the payment of service awards to the Plaintiffs.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendants, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorneys' fees and costs and expenses and the application for service awards to the Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1.  The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Class.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

4. This Court grants final approval to the Settlement Agreement, including but not limited to, the releases in the Settlement Agreement, including all Released Claims, and the plans for implementation and distribution of the settlement benefits. The Court finds that the Settlement Agreement is in all respects fair, reasonable, and in the best interest of the Class. Therefore, all Settlement Class Members are bound by this Final Approval Order and Judgment approving the Settlement Agreement.

5. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

## **OBJECTIONS AND OPT-OUTS**

6. Three objections were filed by Settlement Class Members. The Court finds that the limited number of objections filed counsels in favor of Settlement Agreement approval.

7. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

8. A list of those 231 Class Members who have timely and validly elected to opt out of the Settlement Agreement and the Settlement Class (the "Opt-Out Members"), and who therefore are not bound by the Settlement Agreement and this Final Approval Order and Judgment has been submitted to the Court in the Declaration of Kroll Administration Group ("Kroll), filed in advance of the final approval hearing. That list is attached as Exhibit A to this Order. The Opt-Out Members listed in Exhibit A are not bound by the Settlement Agreement and this Final Approval Order and Judgment and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement.

## **CLASS CERTIFICATION**

9. For purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following class and subclass pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) (the "Class"):

> "Settlement Class" means all natural persons residing in the United States whose Personal Information was exposed to an unauthorized party as a result of the Data Incident.

> "California Settlement Subclass" means all natural persons residing in the State of California at the time of the Data Incident whose Personal Information (a) Defendant stored and/or shared in its electronic files and (b) was exposed to an unauthorized party as a result of the data breach announced between March 30 and April 7, 2021 and that occurred on February 6, 2021.

The "Settlement Class" and "California Settlement Subclass" specifically exclude those members of the Class: (i) who timely and validly requested exclusion from the Settlement Class; and (ii) any other person found by a court of competent jurisdiction to be guilty under criminal law of

initiating, causing, aiding or abetting the criminal activity or occurrence of the Security Incident or who pleads nolo contendere to any such charge.

10. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

11. The Court grants final approval to the appointment of Plaintiffs Daisy Trujillo, Mark Vereen, Michelle Rodgers, Mark Biddle, Donald Woodrome, Echoe Camacho, on behalf of herself and her minor child, T.C., and Angelica Mendoza as Class Representatives. The Court concludes that the Plaintiffs have fairly and adequately represented the Settlement Class and will continue to do so.

12. The Court grants final approval to the appointment of Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC and M. Anderson Berry of Clayeo C. Arnold, PLC as Class Counsel. The Court concludes that Class Counsel has adequately represented the Class and will continue to do so.

## NOTICE TO THE CLASS

13. The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Class of the pendency of the Action, certification of the Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the

requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

14. The Court finds that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## AWARD OF ATTORNEYS' FEES AND SERVICE AWARDS

15. The Court has considered Class Counsels' Motion for service awards and for attorneys' fees and costs, and expenses. The Court awards Class Counsel the sum of $ 1,583,333.33 as an award of attorneys' fees and $18,829.79 as an award of costs and expenses to be paid in accordance with the Settlement Agreement, and the Court finds this amount of fees and costs to be fair and reasonable. The allocation of attorneys' fees and expenses among counsel shall be left to the sole discretion of court-appointed Class Counsel (Gary M. Klinger and M. Anderson Berry).

16. The Court grants Class Counsel's request for service awards to the Plaintiffs and awards $ 2,000 to each of the Class Representatives. The Court finds that this payment is justified by their service to the Class. This payment shall be paid in accordance with the Settlement Agreement.

## OTHER PROVISIONS

17. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

18. Within the time period set forth in the Settlement Agreement, the benefits provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, on Approved Claims, pursuant to the terms and conditions of the Settlement Agreement.

19. Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims against Defendants and all Released Parties. "Released Claims" are defined in the Settlement Agreement, as follows:

"Released Claims" means any and all claims, causes of action of every kind and description, liabilities, rights, demands, suits, matters, obligations, and damages (including consequential damages, losses or costs, liquidated damages, statutory damages, punitive damages, attorneys' fees and costs), whether known or unknown (including Unknown Claims) and whether in law or in equity, that the Settlement Class Members had, have, or may have against CaptureRx and/or the Released Parties that result from, arise out of, are based upon, or relate to the Data Incident. For the avoidance of doubt, Released Claims include, without limitation, all claims asserted or that could have been asserted in *Bays v. Walmart Inc. et al.*, Case No. 3:21-CV-00460 (S.D. W.Va.), *D.W. v. NEC Networks, LLC d/b/a CaptureRx*, Case No. 4:21-cv-00363-SRB (W.D. Mo.), *Vereen v. NEC Networks, LLC d/b/a CaptureRx*, Case No. 5:21-cv-00536 (W.D. Tx.), *Trujillo v. NEC Networks, LLC d/b/a CaptureRx*, Case No. 5:21-cv-00523 (W.D. Tx.), *Camacho v. NEC Networks, LLC d/b/a CaptureRx,* Case No. 5:21-cv-00979 (W.D. Tx.), *Mendoza v. NEC Networks, LLC d/b/a CaptureRx*, Case No. 5:21-cv-01232 (W.D. Tx.), *Biddle v. NEC Networks, LLC d/b/a CaptureRx*, Case No. 2:21-cv-00815 (W.D. Pa.), *Tignor v. NEC Networks, LLC d/b/a CaptureRx*, Case No. 2:21-cv-00018 (N.D.W. Va.), *Newman v. NEC Networks, LLC d/b/a CaptureRx*, Case No. 2:21-cv-00019 (N.D. W.Va.), *Rodgers v. NEC Networks, LLC d/b/a CaptureRx*, Case No. 5:21-cv-00692 (W.D. Tx.), *Burch v. NEC Networks, LLC d/b/a CaptureRx*, Case No. SA-21-cv-01102 (W.D. Tx.), the CAC, the Litigation, or any other suit or pleading in any other court or forum arising out of, based upon, or related to the Data Security Incident, including without limitations, any claims (including common law and statutory claims), actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (1) the alleged theft, exposure, or disclosure of Settlement Class Members' Personal Information as a result of the Data Security Incident; (2) the maintenance and storage of Settlement Class Members' Personal Information as it relates to the Data Security Incident; (3) CaptureRx's information security policies and practices relating to the Data Security Incident; and/or (4) CaptureRx's notice of the Data Incident to Settlement Class Members. Released Claims" does not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the Class Settlement Agreement and shall not include any claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

20. Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims against Defendants and all Released Parties, as defined in the Settlement Agreement, as follows:

> "Released Parties" means CaptureRx and any of its customers who Class Members have claims against it or potentially have claims against it related to the Data Incident which includes, but is not limited to the following persons or entities: Walmart Inc., Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, Midtown Health Center, Inc., Rite Aid Hdqtrs. Corp., its parent Rite Aid Corporation, Community Health Centers of the Central Coast, Inc., The University of Pittsburgh Medical Center, Camden-on-Gauley Medical Center, Inc., Davis Health System, Inc., Davis Memorial Hospital, and Broaddus Hospital and each of their past or present owners, parents, subsidiaries, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as CaptureRx and these entities' respective predecessors, successors, directors, officers, shareholders, employees, servants, representatives, principals, agents, advisors, consultants, vendors, partners, contractors, attorneys, insurers, reinsurers, subrogees, and includes, without limitation, any Person related to any such entities who is, was or could have been named as a defendant in the Litigation, other than any third-party Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

21. The Court hereby dismisses the Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

22. If the Settlement Agreement is terminated pursuant to Paragraph 10.2 or Paragraph 10.4 of the Settlement Agreement, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into the Settlement Agreement. In such an event, the Parties shall be restored to their respective positions in the Action as if the Settlement

Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

23.  Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

24.  Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

**ENTERED:**

DATED: 6 · 23 ·, 2022.

By: _____
The Honorable Orlando L. Garcia
Chief United States District Judge

# EXHIBIT A

| First Name | Last Name | State |
|---|---|---|
| DAVID | PARE | ME |
| GINNIE | SPENCER | NY |
| BILLIE | FINLEY | AR |
| SUZANNE | PREMNY | CT |
| MAUREEN | BONNELL | NY |
| CHAZ | COLAGROSS | OH |
| PHILLIP | WHITE | AR |
| ALBERTA | ARBUCKLE | WA |
| MATTHEW | BEAVER | PA |
| DONNA | NELSON | ID |
| IRINA | SLOBOD | NY |
| ROBERT | PAPPANO | ME |
| KIMBERLY | ANDERSON | CA |
| TOMMY | NESTOR | WV |
| CARL | BUEHRING | PA |
| JERMAINE | SMITH | PA |
| NICOLE | CHOATE | OR |
| TEENA | BOWMAN | CA |
| SYLVIA | WARE | OH |
| NINA | RICCERI | CA |
| JOSEPH | MADISON | OH |
| EVELYN L | SHARP | KY |
| DENISE | SHERMAN | OR |
| JUDITH | SCHRAG | KS |
| ELLIOTT | KREIM | OH |
| DARCELL | WALTERS | VA |
| ABBY | NESTOR | WV |
| JAMES | SCHRAG | KS |
| GARY | LARSON | WA |
| CYNTHIA | BALZER | MI |
| AZARIA | COONEY | IN |
| STEPHEN | MAPES | WV |
| KATHLEEN | DURBIN | TX |
| SANDRA | MULLINS | OR |
| KAREN | HAZELTON | PA |
| KENNETH | PAINTER | VA |
| PRIMROSE | TRUESDELL | OR |
| KAYLA | CRAIG | WA |
| ANTHION | MARTIN | OH |
| RICHARD | RADLEY | VT |
| KEVIN | ESPINOZA | OH |
| DARRYL | LLOYD | OH |
| LARISSA | MILLER | WA |
| ELIZABETH | GRASS | IL |
| JERRY | NEAL | MI |
| FRANCES | CRAWFORD | NC |
| EDWARD | PERRINE | PA |
| WILLIAM | OSBURN | OR |
| CAROLYN | CARPENTER | WV |
| DAVID | DALTON | CA |
| RENAE | BEAVER | PA |

| | | |
|---|---|---|
| KEANU | FORTMILLER | CO |
| SAMUEL | HOWELL | WA |
| ROSEMARIE | ROCK | OH |
| THERESA | HANAWAY | MI |
| JOHN | FERJANEC | NY |
| NIVEDITA | RAJAH | CA |
| CHARLES | MURRAY | MI |
| RICHARD | HOBBS | OR |
| RANDY | WINRIGHT | MI |
| SUSAN | LOHLER | WA |
| ELDON | BAKER | WA |
| WILLIAM | PERKINS | MD |
| ZEFF-BRADEN | MORGAN | KY |
| CATHERINE | SPEAKS | VA |
| LORI | POESCHEL | WI |
| DAYTON | CARRIVEAU | MI |
| DEAN | PUTZ | WI |
| EDNA | LIGHT | MI |
| MELANIE | LABERGE | MI |
| TOMMY | RAMSEY | WV |
| LISA | PERRY | MI |
| JUDY | CAPP | KY |
| SARAH | SEEGER | NY |
| JOYCE MARCUM | HILTIBIDAL | WV |
| MARRIKA | ZACARIAS | OR |
| DEBORAH | LOWE | WA |
| GABRIELLA | MADISON | OH |
| AVA | ANDERSON | GA |
| MILANKA | GROSELJ | OH |
| FOSTER | HOBBS | OR |
| PAIGE | MADISON | OH |
| AUSTIN | HERRERA | CA |
| ANN | JUTRAS | VT |
| GINNIE | HILL | NY |
| PATRICIA | STARKS | IN |
| JUDITH | WILLIAMS | PA |
| FRANCES | BOAL | PA |
| HARRY | GREENLAW | ME |
| CELESTE | DAY | OR |
| GOVERNOR | GREGORY | NH |
| ELIZABETH | VILLALOBOS | WA |
| ROBIN | DEROSE | CA |
| THELMA | KLEIN | WA |
| RODRIGO | LOPEZ | OH |
| MELANIE | AUBUCHON | ME |
| ROGER | MERRICK | NY |
| JESSIE | BARNETT | OH |
| SHARON | KANE | OH |
| KRISTY A | ADAMS | MO |
| CHERYL | MARTIN | MI |
| TAMMY | MASON | NY |
| SHU | LIU | OH |

| | | |
|---|---|---|
| BRANDON | BLACKMORE | WA |
| MICHELE | CARLUCCI | MI |
| ANITA | HAGEN | WA |
| SUSAN | FARMER | MA |
| SANDRA | QUARTERMAN | GA |
| RADAMES | HERNANDEZ | OH |
| JEFFREY E | STEFFEN | PA |
| CAROL | GREIG | PA |
| BUFFIE J | LOCKE | NY |
| PATRICIA | SPEIDEL | OH |
| CYNTHIA | WAKEMAN | WA |
| CLEO | BAKER | WA |
| LOUISE | STARKE | WV |
| VEDA | NOKES | AR |
| DAVID | CLAYTON | IN |
| BRENT | EHLERS | OH |
| JA'SHAWN | HUNTER | NC |
| BARRON | GOULD | WA |
| LAURA | LAFAILLE | VT |
| CARROL | SMITH | MI |
| REBECCA | WALKER | MS |
| DEBORA | GOFF | PA |
| FAROOQ | KARIM | WA |
| RACHAEL | PAPPANO | ME |
| CHERYL | HARDEN | AR |
| MONICA | HOBBY | GA |
| TANIA | EAGLESON | KS |
| RENAE | BEAVER | PA |
| GWEN | DONOVAN | VT |
| MICHAEL | LOGAN | CA |
| EMRYS D | HOBBS | OR |
| WAYNE | WEIDERMAN | WA |
| NORMAN | ROBERTS | TN |
| ERNESTINE | RUSSELL | PA |
| ASHLEE | DIAZ | OH |
| MICHAEL | DENISON | MI |
| MICHELLE | KIM | NY |
| REBECCA | LEWALLEN | TN |
| VERONICA | COX | IL |
| DESIRAE | BROUARD | NE |
| BRAD | HILL | CA |
| CATHERINE | NEAL | MI |
| HOPE | SMITH | OH |
| MITCHELL | HOLT | OH |
| PAULINE | MCINTIRE | NC |
| JOSEPH | MADISON | OH |
| KARLEE | BLEVINS | AR |
| JAMES | NORDELL | TN |
| BEVERLY | GIPSON | AR |
| ADRIENNE | REITNAUER | NY |
| RHONDA | KOLLMANN | IL |
| JAXSON | MENDEZ | NY |

| | | |
|---|---|---|
| AMELIA | VILLENA | NY |
| SHERIE | MORSE | WA |
| CANDY | FERRY | WA |
| ROSALIE | JONES | NY |
| HUGH | GREIG | PA |
| ART | GARCIA | CA |
| NICOLE | KOROSKI | OH |
| GEORGIA | ROBERTS | NY |
| CHRISTINE | FALCONE | NH |
| GEORGIA | FREEMAN | OR |
| JUNE | DUNFEE | ID |
| BRIAN | MCCAFFERTY | ME |
| ERIN | WRIGHT | OH |
| MARK | CHOW | WA |
| DEBRA A | EHLERS | OH |
| CHANDLER | HENDRIX | GA |
| SUSAN | ROMAN | PA |
| PAUL | RIMMER | WV |
| MARY | NORDELL | TN |
| NINA | EDER | TN |
| LANIA | REESE | NY |
| ANNETTE | HOUSEHOLDER | CA |
| MARY | MADISON | OH |
| JOHN | DOWNES | MI |
| CYNTHIA | FISHER | MI |
| NADENE | WESTPHALL | WA |
| BRANDY | ROBINETT | AR |
| SEBASTIAN G | HOBBS | OR |
| DONNA | RAMSEY | WV |
| KATHERINE | WAHL | OR |
| AVIS | BURDA | MI |
| NANCY | GARCIA | CA |
| ELIZA | BIVINS | GA |
| IVETTE | PEREZ | NY |
| CALEB | ROYCE | NH |
| JADE | WOJTOWICZ | MI |
| YVONNE | DOWNES | MI |
| RACHEL | GOODWIN | AR |
| DAVID R | GOODFELLOW | WV |
| LOLA | PHIFER | OH |
| CHARLES | MIRIANI | MI |
| CHERYL | LLOYD | OH |
| FRANCES | LAZOS | NM |
| LINDA | AMOS | WV |
| CORLYNN | PARKER | PA |
| PATRICIA | HERRIN | AR |
| HSIN | LIU | OH |
| HUNTER M | DEEM | IN |
| STEPHANIE | PAINTER | VA |
| PATRICK | CARRIVEAU | MI |
| JOSHUA | HEATH | FL |
| GAYLA | CHURCH | WA |

| | | |
|---|---|---|
| JENNIFER D | HOBBS | OR |
| DORIS | GARRETT | OH |
| MICHELE | FORTE | OH |
| JENNIFER | COUNTS | AR |
| SANDRA | PAPPANO | ME |
| CHARLENE | PHAN | CA |
| MEGHAN | ANDERSON | WA |
| GARY | BLEVINS | AR |
| AMY | NESTOR | WV |
| JADE | DAVIDSON | OH |
| JONATHAN | WALKER | WV |
| ELIZABETH | FRITZ | CA |
| WILLIAM | STACY | NH |
| DEBORAH | PRATHER | KS |
| DAVID | SWIDERSKI | MI |
| BETTY | CARNEY | WV |
| KRISTINA | PASTORIZA | NH |
| DOREEN | GRILLOT | WV |
| KATELYN | FOERDERER | NY |
| ABRIELLE | RIOJAS | TX |
| JOY | CARRIVEAU | MI |
| JANET | MAMULA | PA |
| ILLIANA | FARMAKIS | OH |
| DONNIE | SANDERS | WA |